Fredericks, Appellant, *v.* Carson.

Argued October 22, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gaw-
throp, Cunningham and Baldrige, JJ.

*William S. Fenerty,* for appellant.

*William M. Boenning,* for appellee.

Opinion by Keller, J., December 12, 1929:

Two parties claimed the benefit payable by the Phila-
delphia Fire Department Relief Association on the
death of Charles Fredericks, a member of said associa-
tion, viz., his brother, Frank Fredericks, and the execu-
trix and sole legatee under his will, Mrs. Maggie Car-
son. The former brought suit against the association.
It filed a petition in interpleader and, by leave of court,
paid the fund in dispute into court.

The rule for an interpleader was made absolute, and
it was ordered that a feigned issue be framed in which
Frank Fredericks should be plaintiff and Maggie Car-
son, defendant, to determine the right of property in
said fund. The proceeding was under the Act of March
11, 1836, P. L. 77, Secs. 4 and 5.

The usual practice in feigned issues in interpleader
is set forth in Brewster's Practice, Vol. 2, pp. 1133,
1134, (Sec. 2746). See also, Secs. 2657, 2658, 2659,

260

2721 and 2722; Vol. 1, Sec. 338; Brownfield v. Cannon, 25 Pa. 299; Bechtel v. Sheafer, 117 Pa. 555, 560. It consists of a narr or statement, plea and replication. It was not within the provisions of the Pleading and Practice Act of 1887, P. L. 271, nor is it within those of the Practice Act of 1915, P. L. 483. The Supreme Court said in Barnes v. Bamberger, 196 Pa. 123, 127, that the interpleader Act of 1836 does not contemplate a disposition of the controversy by the court without a jury, that is, on the pleadings alone and without a trial.

The plaintiff in this case filed a statement; the defendant, an affidavit of defense and counterclaim. This appeal is from the refusal of the court below to enter judgment in favor of the plaintiff on the pleadings. Without any discussion of the merits of the respective claims to the fund, we agree with the opinion of the learned court below which declared the course taken to be contrary to established practice, and irregular and unwarranted. The proceeding is, in effect, a rule for judgment for want of a sufficient affidavit of defense, and is an attempt to apply the practice in actions of assumpsit to a feigned issue in interpleader, for which there is no legal warrant.

The court below was without authority to enter a summary judgment on the pleadings, and did not err in discharging the rule.

The appeal is dismissed.