Kaufmann & Baer *v.* Monroe Motor Line Transportation, Inc., (Stewart Motor Trucks, Inc., Appellant).

Argued April 20, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Everett C. Sorber,* with him *William H. Markus,* for appellant.

*William M. Kahanowitz,* with him *Leonard M. S. Morris,* for appellee.

OPINION BY CUNNINGHAM, J., October 9, 1936:

Kaufmann and Baer, a Pennsylvania corporation, instituted an action for the collection of a debt from Monroe Motor Line Transportation, incorporated under the laws of New York, by issuing a writ of foreign attachment. The sheriff of Westmoreland County returned nihil habet as to the defendant; that he had seized one "Diamond T." truck and one "Stewart"

truck, in the hands of the above named garnishees, as personal property belonging to the defendant; and that Stewart Motor Trucks, Inc. had claimed both trucks. Adopting the procedure of the Sheriff's Interpleader Act of June 22, 1931, P. L. 883, which by its terms applies to "any execution or process," except attachment sur judgment, the claimant presented its petition to the court below averring it is a New York corporation and the "owner" of both trucks, having acquired title to the Diamond T. truck by purchase and having manufactured and assembled the Stewart truck, and praying for a rule upon Kaufmann and Baer to show cause why an interpleader should not be granted, etc. An issue was duly framed between Stewart Motor Trucks Inc. as plaintiff, and Kaufmann and Baer as defendant; upon the furnishing of a proper bond by the claimant, it was given possession of the trucks.

The claimant, as plaintiff in the issue, filed its statement of claim and was permitted to amend it twice; the attaching creditor, as defendant in the issue, replied by affidavits of defense (to the original and amended statements) raising questions of law in the nature of demurrers; the court below, speaking through WHITTEN, J., sustained the affidavits of defense and entered judgment in favor of the attaching creditor and against Stewart Motor Trucks Inc.—claimant and plaintiff in the issue.

The present appeal is from that judgment and the controlling question is whether claimant, after three attempts, has stated a case which, if proven, would defeat the right of Kaufmann and Baer to attach the trucks as the property of Monroe Motor Line Transportation, Inc.

The substance of the original statement of the appellant-claimant was that it sold to Monroe Motor Line Transportation, Inc., defendant in the original action, both of the trucks, and took from the latter chattel

mortgages executed in New York and valid under the laws of that state, which mortgages were duly recorded in the proper offices in New York.

As stated in the comprehensive opinion of the court below, it has long been the settled rule in this state that chattel mortgages generally are contrary to our public policy and will not prevail against claims of bona fide purchasers or creditors: *Klaus v. Majestic Apartment House Co.*, 250 Pa. 194, 95 A. 451. It is further settled that the rule applies even though the chattel mortgage was executed outside of this state, in a jurisdiction where such instruments are recognized and given full effect: *Bank v. Carr*, 15 Pa. Superior Ct. 346; *Commercial Banking Corp. v. Berkowitz et al.*, 104 Pa. Superior Ct. 523, 529, 159 A. 214.

Appellant does not seriously question these propositions, but, by its amendments to its statement, injected into the case an element of alleged "notice" to Kaufmann and Baer. Its argument seems to be that, under its amended averments, the Kaufmann and Baer Company was not an "innocent" creditor and could not acquire any greater interest under the attachment than the debtor had. The contention is made that the general principles referred to should not apply where the creditor has notice of the chattel mortgage.

Passing for the moment consideration of the sufficiency of the averments upon which appellant relies, it may be observed generally that the statement does not allege that the creditor knew, or should have known, of the encumbrance at the time the debt upon which suit was brought was contracted; and the argument, to be successful, must therefore go to the length of saying that a creditor gets no rights by attachment if at any time prior to the attachment itself he had notice of the encumbrance.

No such exception upon the ground of notice has, so far as we know, been made in our cases. The question has already received some consideration in *Common-*

*wealth v. One Studebaker Light Six Coupe*, 86 Pa. Superior Ct. 532.

That case involved a petition for the forfeiture of an automobile used for transporting intoxicating liquor. The holder of a chattel mortgage upon the car, valid under the laws of the State of Ohio, unsuccessfully attempted to establish his claim. We there said: "When the vehicle was brought into Pennsylvania by the owner it became subject to the laws of this state and any creditor of the owner might have caused it to be seized in execution for the payment of his debt, although that creditor knew of the existence of the mortgage in the state of Ohio."

Even if notice to Kaufmann and Baer would have the effect contended for by appellant, and we think it would not, the averments of the statement are, in our opinion, insufficient to show notice. They are merely that Kaufmann and Baer knew its debtor was a New York corporation and had its principal place of business in that state. It was further averred that the Stewart truck was registered with the Bureau of Motor Vehicles of this Commonwealth, and a certificate of title had been issued to the Monroe Motor Line Transportation, Inc., which listed the encumbrance in favor of appellant. Obviously, knowledge that Monroe Motor Line was a New York corporation and had its principal place of business in New York would not give notice of a chattel mortgage; nor does the issuance of a Pennsylvania certificate of title listing the encumbrance charge a creditor with notice. The reasons for noting such encumbrances upon a certificate have been fully discussed in *Braham & Co. v. Steinard-Hannon Motor Co. et al.*, 97 Pa. Superior Ct. 19, and need not be reviewed here. The amendment of May 25, 1933, P. L. 1059, to section 208 of the Motor Vehicle Code, referred to in the supplemental briefs, has no application here. That section relates only to changes of ownership "by operation of law and judicial sale." It is sufficient to say

that our legislature has passed no statute requiring or even permitting the recording of such chattel mortgages as are here involved and thus giving notice to all the world.

The averments of "knowledge" in the statement of claim are mere legal conclusions which can have no effect apart from the underlying facts recited to support them, and these, as we have noted, are insufficient. Although counsel for appellant did not question the regularity of the procedure in the court below, inquiry was made during the oral argument as to the authority for filing a demurrer to the declaration of the plaintiff in an issue framed under an Interpleader Act.

It was stated in *Fredericks v. Carson,* 97 Pa. Superior Ct. 258, and *Barnes v. Bamberger,* 196 Pa. 123, that interpleaders were not within the Practice Acts of May 25, 1887, P. L. 271, or May 14, 1915, P. L. 483, and could not be disposed of upon the pleadings alone. These cases, however, relate to the old Interpleader Statute of March 11, 1836, P. L. 76, 77, under which a feigned issue was framed. Our former Sheriff's Interpleader Act of May 26, 1897, P. L. 95, likewise made no provision for determining the validity of a claim upon the pleadings.

This case, however, was conducted under the present Sheriff's Interpleader Act of 1931, supra. In section 10 thereof it is provided, inter alia: "The claimant may take a rule for judgment for want of a sufficient affidavit of defense to the whole or any part of his claim, and the court shall enter judgment or discharge the rule as justice may require. The court in which such issues are raised may make general rules governing the proceedings under this act, not inconsistent herewith, and may grant new trials of such issues, and the judgment recovered shall be subject to appeal. ......"

While the act does not expressly provide for the filing of affidavits of defense raising questions of law in the nature of demurrers, we think, in view of the

specific provisions for entering judgment for want of a sufficient affidavit of defense and the authority granted the common pleas to make general rules governing the proceedings, we should approve the practice followed in this case.

Upon a review of this record, showing, as it does, that the trucks were not in the possession of the mortgagee when seized, we agree fully with the court below that it is a case falling within the settled rule that our courts will uphold and enforce such chattel mortgage contracts as between the parties themselves, but not as against bona fide purchasers from, or creditors of, the mortgagor.

Judgment affirmed.