## TAPLINGER v. NORTHWESTERN NAT. BANK IN PHILADELPHIA.

### In re MID-CITY MOTOR SALES, Inc.

### No. 6733.

Circuit Court of Appeals, Third Circuit.

Dec. 15, 1938.

Rehearing Denied Feb. 9, 1939.

Emil F. Goldhaber and Aarons, Weinstein & Goldhaber, all of Philadelphia, Pa., for appellant.

Robert B. Ely, 3d, and Buckman & Buckman, all of Philadelphia, Pa., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania. Mid-City Motor Sales, Inc., was adjudicated a bankrupt and the appellant herein elected trustee. The bankrupt was a dealer in automobiles and as part of its business took in used cars as "trade-ins." It borrowed from the appellee herein, Northwestern National Bank in Philadelphia, on the security of the used cars. The procedure followed was for the bankrupt to give the appellee a note for the amount of the loan, a certificate of title to the used car issued by the Secretary of the Commonwealth of Pennsylvania, with an encumbrance noted thereon in favor of the appellee for the amount of the loan, and a bill of sale. At the same time the parties executed a lease agreement whereby the appellee leased the automobile to the bankrupt. It is an undisputed fact that the appellee never took possession of any of the automobiles. After the notes matured and the bankrupt failed to meet the payments the appellee filed a reclamation petition. The referee allowed the reclamation petition and awarded the automobiles to the appellee. The District Court dismissed the trustee's petition for review and affirmed the order of the referee.

The issue for our determination is whether in Pennsylvania a pledgee of a motor vehicle is entitled to reclaim it from the trustee in bankruptcy of the pledgor where the pledgee has never taken possession of it, but has had his lien noted by the Secretary of the Commonwealth on the certificate of title which was issued to the pledgor prior to bankruptcy. This question must be determined by the law of Pennsylvania.

 It was early held in that state that the pledge of a chattel, without transfer of possession, was void as to bona fide purchasers, pledgees and execution creditors. Clow v. Woods, 5 Serg. & R., Pa., 275, 9 Am.Dec. 346. The rule was based upon the proposition that such persons are likely to be misled by the pledgor's retention of possession into the belief that he is entitled to deal with the chattel as his own. It was accordingly held that the rule applied only to those who had acquired rights in the chattel without notice of the pledge sought to be enforced. Newman v. Globe Indemnity Co., 275 Pa. 374, 119 A. 488. The pledge is, however, perfectly valid as between the pledgor and pledgee and creates an equitable lien enforceable against the chattel in the hands, not only of the pledgor, but also of his personal representatives, voluntary assignees and purchasers or encumbrancers with notice. Davis v. Billings, 254 Pa. 574, 581, 99 A. 163. It is enforceable against those who have notice of the pledge even though possession is retained by the pledgor, if such retention is with the consent of the pledgee. Collins' Appeal, 3 Penny.,Pa., 333.

 In the case before us the trustee in bankruptcy had the status of an execution creditor without actual notice of secret liens. Consequently, unless the notation of the lien of the pledge upon the certificates of title to the pledged motor vehicles rendered the pledge enforceable as against execution creditors without actual notice, it was not enforceable against the trustee and the appellee was not entitled to reclaim the pledged vehicles from him. The appellee urges, however, that the notation upon the certificates of title issued by the Pennsylvania Secretary of the Commonwealth of the lien of the pledge in its favor constituted constructive notice to creditors of its lien and rendered unnecessary its taking physical possession of the motor vehicles pledged. As authority for this proposition the appellee points to the provisions of the Pennsylvania Act of May 25, 1933, P.L. 1059, 75 P.S. § 38, which amended Section 208 of the Pennsylvania Motor Vehicle Code, Act May 1, 1929, P. L. 905. This section is a part of Article II of the Motor Vehicle Code, 75 P.S.Pa. § 31 et seq., which provides for certificates of title for motor vehicles. Section 203 of that article, as amended by Act June 22, 1931, P.L. 751, 75 P.S. § 33, provides that such a certificate of title shall include a statement of any liens or encumbrances

which the applicant for the certificate may show to be on the motor vehicle, together with the name and address of the holder or holders thereof. The Act of May 25, 1933 amended the first paragraph of Section 208 so as to read as follows, the language added by the amendment being indicated in italics:

"Section 208. Change of Ownership by Operation of Law and Judicial Sale.— In case of the transfer of ownership or possession of a motor vehicle by operation of law, as upon inheritance, devise or bequest, order in bankruptcy, insolvency, replevin, or execution sale, or whenever a motor vehicle is sold at public sale to satisfy storage or repair charges, or repossession is had upon default in performance of the terms of a lease, contract of conditional sale, or other like agreeement, it shall thereupon become the duty of the person from whose possession such motor vehicle was taken, *if there are no liens, encumbrances, or legal claims thereon,* and without prejudice to his rights in the premises, immediately to surrender the certificate of title for such motor vehicle to the person to whom possession of such motor vehicle has so passed. The secretary, upon surrender of prior certificate of title, or, when that is not possible, *or when the certificate of title for such motor vehicle is held by a person holding a first lien, encumbrance, or legal claim thereon,* upon presentation of satisfactory proof to the secretary of ownership and right of possession to such motor vehicle, and upon payment of the fee prescribed in this act, and presentation of application for certificate of title, may issue to the applicant to whom possession of such motor vehicle has so passed a certificate of title thereto; *but where a first lien, encumbrance, or legal claim upon such motor vehicle is held by another, the secretary shall deliver the said certificate of title, containing thereon a statement of the liens, encumbrances, or legal claims upon such motor vehicle, to the person holding such first lien, encumbrance, or legal claim, which shall be retained by such person until the entire amount of such first lien, encumbrance, or legal claim is fully paid by the owner of said motor vehicle, when the said certificate of title shall be delivered to said owner by the person who held the first lien, encumbrance, or legal claim, with proper evidence of satisfaction of same. A corrected certificate of title, without statement of liens, encumbrances, or legal claims,*

*shall be issued by the secretary, upon request of the owner, when the original certificate of title is returned with proper evidence that all said liens, encumbrances, or legal claims have been satisfied, or when the original certificate of title cannot be returned, and proper evidence is produced that all said liens, encumbrances, or legal claims have been satisfied. The certificate of title, when issued by the secretary, showing a lien or encumbrance shall be adequate notice to the Commonwealth, creditors, and purchasers that a lien against the motor vehicle exists, and failure to transfer possession of the vehicle shall not invalidate said lien or encumbrance: Provided, That the secretary shall not incur any personal liability in carrying out the provisions of this section or in furnishing any information from the records of the department with respect to the existence or nonexistence of any lien or encumbrance on any motor vehicle."*

■ The appellee concedes that the certificate of title issued under Article II of the Motor Vehicle Code is not a muniment of title which establishes the ownership of the vehicle but is merely intended to protect the public against theft and to facilitate the recovery of stolen automobiles. Braham & Co. v. Steinard-Hannon M. Co., 97 Pa.Super. 19. The appellee urges, however, that the last sentence of the amendment just quoted introduced into the Act a recording provision, the effect of which is to provide a method whereby constructive notice of a lien or encumbrance placed upon a motor vehicle may be given to creditors of and purchasers from the pledgor so as to bind them and make the pledge valid without requiring the pledgor to give up physical possession to the pledgee. That such was the intent of the amending act would seem to be manifest from the language of the sentence referred to. Certain it is that that sentence expressly provides that the notation of the lien or encumbrance upon the certificate of title of a motor vehicle "shall be adequate notice to the Commonwealth, creditors, and purchasers that a lien against the motor vehicle exists." The appellee argues that since, under the settled law of Pennsylvania, purchasers and creditors with notice are bound by a pledge which is valid between the parties, even though no transfer of possession has taken place, the effect of the amendment to Section 208 is to eliminate in the situations it describes the requirement for such a transfer of posses-

sion. This, the appellee says, is clear from the statutory language that "failure to transfer possession of the vehicle shall not invalidate said lien or encumbrance." This view of the effect of the amendment was taken by the writer of the present opinion in speaking for the court below in the case of In re Fell, D.C., 16 F.Supp. 987, and was accepted by that court in the present case.

■ The appellant argues, however, that since the provisions of the amendment upon which the appellee relies were added to Section 208 which related only to changes of ownership by operation of law and judicial sale, those provisions must likewise be construed as applying only to certificates of title issued after such changes of ownership and not to certificates generally. Such a construction is far from obvious, however, since the reference in the sentence relied on is not to "*Such* certificates of title" or to "The certificates of title *issued under the provisions of this section.*" On the contrary the language used—"The certificate of title, when issued by the secretary * * * shall be adequate notice * * *."—would seem to be sufficiently general to refer to any certificate issued under Article II, particularly when considered in connection with the title of the amending act which stated its purpose to be to amend section 208, not only "by providing for the continuance of a lien on motor vehicles where ownership is changed by operation of law or judicial sale," but also by "determining the effect of the issuance of a certificate of title showing a lien or encumbrance." This was certainly not notice of an intention to make such a determination with regard to a limited class of certificates only but indicates that all certificates were intended to be dealt with. This would also seem to be so in view of the absence of any logical reason for limiting the recording provision to those certificates only which are issued after a change in ownership by operation of law or judicial sale with the curious result of validating after such a change in ownership liens which were invalid before it.

This brings us to the consideration of the case of Kauffman & Baer v. Monroe Motor Line, 124 Pa.Super. 27, 187 A. 296, the opinion in which had not been reported when the Fell Case was decided. The appellant urges that in the Kauffman & Baer Case the Superior Court of Pennsylvania placed the construction upon the Act of

1933 for which it contends. In that case a chattel mortgagee of two motor trucks whose lien had been noted on the certificates of title of the trucks but who did not have possession of them sought in a sheriff's interpleader proceeding to recover them from a creditor of the mortgagor which had attached them without actual notice of the mortgage lien. There had been no transfer of ownership by operation of law or judicial sale. In the interpleader proceeding the attaching creditor filed an affidavit of defense raising the question of law that the mortgagee had failed to state a claim to the trucks which was good as against it. This was sustained by the Court of Common Pleas and by the Superior Court on appeal. An examination of the opinion of that court indicates that it passed upon the construction to be placed upon the amendment made by the Act of 1933 to Section 208 of the Motor Vehicle Code. While the opinion of the Court contains no discussion of the language of the amendment and does not clearly indicate the basis for its conclusion the Court unquestionably held that the last sentence of the amendment to Section 208 did not apply to the certificates of title there involved which had been issued before a change of ownership by operation of law. At least we can take no other meaning from that portion of the opinion of the Court in which it is said [page 298]:

"The amendment of May 25, 1933, P.L. 1059, § 1, to section 208 of the Motor Vehicle Code (75 P.S. § 38), referred to in the supplemental briefs, has no application here. That section relates only to changes of ownership 'by operation of law and judicial sale.' It is sufficient to say that our Legislature has passed no statute requiring or even permitting the recording of such chattel mortgages as are here involved and thus giving notice to all the world."

It must be said that unless the sentence added to Section 208 by the Act of 1933, which in substance does just what the Superior Court says has not been done, was not called to the attention of that Court, it is difficult to understand the last sentence of the opinion just quoted. If it was not called to the attention of that Court then clearly the question before us was not intended to be decided.

However, since it was squarely raised by the facts of the Kauffman & Baer Case, the decision in that case amounts to a construction of the statute by a Pennsylvania appellate court of high authority which we must accept as binding upon us, even though if the matter were open for our consideration a different conclusion might well be reached. The certificates of title involved in the present case were issued to the bankrupt before bankruptcy and no new certificates of title containing notations of the appellee's lien were issued to the trustee to whom title to the pledged vehicles passed by operation of law. Consequently the recording act provided by the amendment to Section 208, as its scope has been restricted by the construction placed upon it in the Kauffman & Baer Case, can have no application to the case before us. It follows that the appellee was not entitled to reclaim the motor vehicles in question and that the decree of the Court below which confirmed the order of the referee granting its petition for reclamation must be reversed.