Opinion by
 

 Stadteeld, J.,
 

 The plaintiff brought an action in replevin on February 16, 1939, against the defendant to recover possession of a certain automobile. The plaintiff’s claim is based upon an alleged bailment lease in which the plaintiff is. the bailor of the automobile and one Charles S. Schwenk is the bailee; also upon the fact that a certificate of title under The Vehicle Code of May 1,1929, P. L. 905, (75 PS §1 et seq.), as amended, was issued to Schwenk, noting thereon an encumbrance in favor of plaintiff in the sum of $960. Schwenk being in default under the terms of the alleged bailment lease, the plaintiff attempted to possess itself of the automobile, but found that the defendant had already secured possession thereof. The defendant denied the plaintiff’s right of possession and asserted a superior right in itself by reason of a similar lease transaction with Schwenk in addition to the physical possession of the automobile.
 

 Inasmuch as the sheriff did not seize the automobile, the cause proceeded as an action in trespass for conversion on the issues raised by the declaration and amended answer. The case was tried on November 2, 1939, before the late Bbooma.ll, J. and a jury, and resulted in a directed verdict for the defendant. The plaintiff filed motions and reasons for a new trial and for judgment n. o. v., which motions were argued before the court en banc and resulted in an order, directing a reargument. In the order, the trial court raised the question of the applicability of the Act of May 25,1933, P. L. 1059, (75 PS §38), amending The Vehicle Code of 1929, and the reargument was directed to that point alone. The court entered an order refusing plaintiff’s motion for judgment n. o. v., but granting a new trial. From that order this appeal is taken.
 

 The testimony developed at the trial is not disputed. In fact, practically all the transactions are evidenced by written instruments.
 

 On or about April 26, 1938, Charles S. Schwenk was
 
 *499
 
 a dealer in automobiles and had his place of business at Broad Ave., Montgomery County, Pennsylvania. Desiring to purchase the automobile in question from the local distributor, T. D. Keyser, Lansdale, Montgomery County, Pennsylvania, for demonstrating purposes, he entered into an agreement with the plaintiff for the financing thereof. The transaction is evidenced by an invoice from Keyser to Schwenk which was offered in evidence. The plaintiff and Schwenk entered into a bailment lease, dated April 26, 1938, in which the plaintiff was the alleged bailor and Schwenk was the alleged bailee. The agreement provides for installment payments to be made by Schwenk to the plaintiff on account of a loan originally amounting to $960, and which, on December 2,1938, had been reduced to $845. After this date Schwenk made no further payments. On April 28, 1938, the automobile was titled under The Vehicle Code. The certificate was in the name of Charles S. Schwenk as owner and showed an encumbrance in favor of the plaintiff in the sum of $960, and the certificate was forwarded to and remained in the possession of the plaintiff as provided by the Code.
 

 Schwenk, being in possession of the car as a demonstrator, applied to the defendant, an automobile finance company, for a loan, offering the demonstrator as security therefor. The loan was granted and the transaction was evidenced by a note, signed by Schwenk to the order of the defendant, dated August 29, 1938, in the sum of $820.81, by a bill of sale for the car from Schwenk to the defendant, also dated August 29, 1938, and by a bailment lease in which the defendant is the so-called bailor and Schwenk the bailee, which lease provides for installment payments by Schwenk to the defendant. It appears that the loan was subsequently refinanced and a similar note and bailment lease were executed by the parties. The first payment under the new lease was due January 3, 1939, and when the same was not paid the defendant possessed itself of the car
 
 *500
 
 on tlie following day.
 

 Stewart Payne testified he was the assistant manager of the defendant company located in Upper Darby, Delaware County; that he personally had charge of these transactions with Schwenk and that at the time the loan was entered into, the defendant had no knowledge whatsoever of any previous transaction by Schwenk with the plaintiff. Further, on cross-examination, Payne testified that he did not know about the transaction between Schwenk and the plaintiff.
 

 Mr. Ellenberger, executive vice-president of the plaintiff bank, testified that the plaintiff did not buy the car, was never the owner of the car and never had the car in its possession. It was further shown by the plaintiff that after Schwenk’s default, the plaintiff attempted to gain possession of the car but found that possession had already been obtained by the defendant.
 

 The case turns on questions of law and particularly on the question whether or not Sec. 208 of the Act of 1929, as amended by the Act of 1933, applies.
 

 At the trial the court below decided as a matter of law that the plaintiff had failed to make out a case and directed a verdict for the defendant. This was no doubt done on1 the position of the defendant that as between successive pledgees, without notice, he who first obtains actual possession of personal property must prevail; and that where the thing in question is an automobile, an encumbrance on the certificate of title does not amount to constructive notice or create a lien.
 

 In the order granting a new trial the court stated, “for the reason that it does not sufficiently appear by the record for the court to say as a matter of law whether the motor vehicle involved in this action did or did not have a prior certificate of title first issued for it to the dealer, Theodore D. Keyser, for demonstration purposes, with a subsequent certificate of title issued in the name of Charles S. Schwenk through whom both parties claim title, and also for other reasons which
 
 *501
 
 we deem inadvisable to state in this order......the (motion) for a new trial allowed and a new trial granted.”
 

 In
 
 Class & Nachod Brewing Co. v. Giacobello, 277
 
 Pa. 530, 121 A. 333, the Supreme Court, reviewing a number of previous cases in connection with appeals from an order granting a new trial, concluded, “......this court will not review an order granting a new trial, unless the whole controversy may be ended by a determination of the constitutionality, applicability, construction or effect of a statute, or other matter of writing, which so far as the case in hand is concerned, could not possibly be controlled or affected by evidence aliunde the writing itself,......”
 

 In
 
 Danboro & Plumsteadville Turnpike Road Company v. Bucks County,
 
 258 Pa. 391, 102 A. 171 the lower court directed a verdict for the defendant, but subsequently set aside the verdict and granted a new trial. On appeal the Supreme Court stated, at p. 395, “...... when a new trial is based on a plain and palpable error of law applicable to the facts of the case, it is such an abuse of discretion as will warrant a reversal. If, in the present case, the trial judge in his binding direction to the jury to find for the defendant reflected a clear misconception of the law governing the case, the proper practice was observed when he directed a new trial; if otherwise, and the new trial was ordered to correct something that needed no correction, but was in entire accord with the law, such error would be palpable and this court on review could set aside the order.” To same effect see
 
 Fornelli v. Penna. R. R. Co.,
 
 309 Pa. 365, 164 A. 54.
 

 Appellee contends that because of the words “also for other reasons,” the court did not “certify the precise grounds on which the order rested”; and that the record plainly demonstrated that the reason claimed by appellant as causing the granting of the new trial was not
 
 *502
 
 in fact the sole one which influenced the court below in making the order assigned as error.
 

 The additional words in the order of court have no controlling force where, as in the instant case, the facts are not in dispute, and the disposition of the case turns solely on questions of law the determination of which are conclusive in the disposition of the case. Particularly is that so in view of the fact that appellee urges no other reasons in support of the grant of a new trial.
 

 The question whether or not Sec. 208 is applicable can be determined as a matter of law, and the question whether or'not the certificate of title was the original certificate can be determined from the certificate itself which was offered in evidence. The decisions of the points of law in this case govern the decision of the case to the exclusion of all other considerations.
 

 The transactions both between the plaintiff and Schwenk, and between the defendant and Schwenk, amounted to unexecuted pledges of the automobile as security for Schwenk’s loans. It is obvious that the form of the agreement, to wit, a bailment lease, did not create the relationship of bailor and bailee in either case as neither the plaintiff nor the defendant had title to or possession of the car at the time the agreement was entered into. On -the other hand, it is quite as obvious that both the plaintiff and the defendant entered into bonafide agreements to lend Schwenk money on the security of this automobile. Both agreements amounted to a pledge of the car, ineffectual as against creditors, bonafide purchasers or subsequent pledgees because of the failure to deliver possession.
 

 Under the common law it is essential to the validity of a pledge of personal property that either actual or constructive possession of the pledged property be delivered to the pledgees. 49 C. J. §35, p. 910, and cases there cited. But the pledge may be validated by the pledgee’s taking possession and, under such circumstances, the pledge will be good as against creditors,
 
 *503
 
 bonafide purchasers or other pledgees who have not, prior to the taking of possession, secured a lien on or claim to the chattel.
 

 As between successive pledgees, without any communication with each other, the one who lawfully obtains possession at the time. of the pledge, or subsequently, is entitled to be preferred; and therefore a pledgee in possession is entitled to priority over subsequent pledgees. But a subsequent pledgee, in good faith from the pledgor, and in possession of the property pledged, is entitled to priority over a former pledgee of such property. 49 C. J. §62, p. 926, and cases there cited.
 

 In
 
 Am. Exch. Nat. Bk. v. Fed. Nat. Bk.,
 
 226 Pa. 483, 75 A. 683, the contest was between successive pledgees of certain accounts receivables and the court, after determining which one of the pledgees, had obtained possession as the same is applied to. intangibles, said at. page 489, “ ‘As between successive pledgees, without communication with.each other, that one who lawfully obtains possession at- the time of the pledge, or subsequently, is entitled to be preferred. Where a contract of pledge is made, but there is no actual or constructive delivery of the goods to the pledgee, he obtains no lien although he actually advances money on the faith of the contract of pledge and although he acts with the utmost good faith.’ ”
 

 It therefore, follows that the defendant’s right of possession to the automobile in this case is prior to that of the plaintiff’s inasmuch as the defendant first secured possession of the automobile and thereby validated its lien. This must necessarily be so unless the fact that the plaintiff held a certificate of title under The Vehicle Code of 1929, as amended, which noted thereon a lien or encumbrance in favor of the plaintiff, changes the common law.
 

 The fact that an automobile is titled under the act, showing an encumbrance in favor of a pledgee who
 
 *504
 
 never obtained possession, creates no prior lien in favor of such pledgee nor amounts to constructive notice to a subsequent pledgee who obtains possession.
 

 The notation of a so-called encumbrance upon a certificate of title issued under The Vehicle Code, prior to 1939, does not thereby create a lien upon the automobile which would be good as against bonafide purchasers, creditors or subsequent pledgees^ The act did not contemplate a new kind of statutory lien on automobiles valid in the absence of delivery of possession. In Pennsylvania, there has never been any way a lien could be created upon personal property without delivering possession and, if an exception was intended under the act with respect to automobiles, such intention should be clear and unambiguous.
 

 It is not intended thereby to create a lien which would not otherwise be a valid lien under existing law. This court so held in
 
 Kaufmann & Baer v. Monroe Motor
 
 Line, 124 Pa. Superior Ct. 27, 31, 187 A. 296, in which it was argued that the encumbrance noted on the certificate of title created a lien valid against a creditor without actual notice. The court said: “It was further averred that the Stewart truck was registered with the Bureau of Motor Vehicles of this Commonwealth, and a certificate of title had been issued to the Monroe Motor Line Transportation, Inc., which listed the encumbrance in favor of appellant. Obviously, knowledge that Monroe Motor Line was a New York corporation and had its principal place of business in New York would not give notice of a chattel mortgage;
 
 nor does the; issuance, of a Pennsylvania certificate of title listing the encumbrance charge a creditor with notice.
 
 The reasons for noting such encumbrances upon a certificate have been fully discussed in
 
 Braham é Co. v. Steinard-Hannon Motor Co. et al.,
 
 97 Pa. Superior Ct. 19, and need not be reviewed here. The amendment of May 25, 1933, P. L. 1059, to section 208 of the Motor Vehicle Code, referred to in the supplemental briefs, has no application
 
 *505
 
 here. That section relates only to changes of ownership ‘by operation of law and judicial sale.’” (Italics supplied)
 

 The Act of June 27, 1939, P. L. 1135, (75 PS §33), purporting to amend Sec. 203 of the Motor Vehicle Code providing that “failure to transfer possession of the vehicle, trailer or semi-trailer shall not invalidate said lien or encumbrance” is not applicable to the instant case, as it became law subsequent to the transactions between the parties herein. Prior thereto, similar terms contained in the Act of 1933, amending Sec. 208 applied only to those certificates required to be issued by the Secretary of Revenue after the transfer of ownership or possession by operation of law, bankruptcy, insolvency, replevin, execution sale, or repossession upon default in the terms of the lease or, as therein stipulated.
 

 An examination of the record indicates that the certificate of title averred upon in plaintiff’s declaration, as well as offered in evidence on its behalf, is the original certificate of title and bears date April 28, 1938. There is noted thereon the statement “Date shown is that on which vehicle was originally titled.” The correctness of this statement is not questioned by appellee.
 

 In the instant case, the right of possession by plaintiff is denied under the pleadings and asserted to be in the defendant. It was therefore incumbent on plaintiff to make out a case showing an exclusive right of possession superior to that of the defendant.
 
 H. L. Braham & Co., v. Burrell et al.,
 
 115 Pa. Superior Ct. 365, 176 A. 64;
 
 Commercial Banking Corporation v. Active Loan Company of Philadelphia,
 
 135 Pa. Superior Ct. 124, 4 A. 2d 616. Quoting from the opinion of this court in
 
 Braham v. Burrell,
 
 supra: “The case is very similar in its facts to
 
 Commercial Banking Corp. v. Meade,
 
 104 Pa. Superior Ct. 447, though the position of the alleged bailor in that case was stronger than that of the appellant in this one. There the lower court entered judg
 
 *506
 
 ment for the defendant non obstante veredicto in an opinion, affirmed by this court, in which it was said: ‘However much plaintiff desired and endeavored to disguise the transaction between it and the Hines’s by the dressing of the papers which were executed......the real transaction so far as third persons were concerned, was that of a loan by plaintiff to the Hines’s and the actual relation between them was not that of bailor and bailee but debtor and creditor:
 
 Root v. Republic Acceptance Corporation,
 
 279 Pa. 55-58.
 

 “As the defendant was entitled to binding instructions no harm was done the plaintiff by submitting the case to. the jury.” In the instant matter the plaintiff offered in evidence the so-called bailment lease and the certificate of title and then showed that Schwenk was in default. This was all the evidence upon which the plaintiff based its right of possession. On cross-examination, the plaintiff admitted that it was never the owner of the car and never had possession. The plaintiff in the instant case failed to make out a case against the defendant and the directed verdict was proper.
 

 The. assignment of error is sustained, the order granting a new trial is reversed and judgment is now entered on the verdict in favor of appellant.