## Morse et al. v. Phillips

*W. J. Carney*, for plaintiffs.
*English, Quinn, Leemhuis & Tayntor*, for petitioner.

EVANS, J., February 9, 1942.—This matter is before the court on a petition for interpleader, setting forth facts which are not in dispute and which are substantially as follows:

On March 19, 1941, Gertrude Phillips purchased a 1939 Chevrolet automobile from the Olson Motor Company, in the city of Willoughby, Ohio, and at the time of purchase executed a chattel mortgage in favor of Olson Motor Company, which said chattel mortgage on the same date was assigned and sold to the Cleveland Trust Company. A judgment note in the amount of $413.56 accompanied the mortgage and likewise was assigned by the Olson Motor Company to the Cleveland Trust Company. In accordance with Ohio law a certificate of title was issued to Gertrude Phillips, and a record of the first lien was noted thereon. Said nota-

tion was made by the Clerk of Courts of Lake County, Ohio. On April 21, 1941, Gertrude Phillips drove the automobile into the State of Pennsylvania and became involved in an accident with a car operated by Leon H. Morse, in the city of Erie.

To recover damages for himself and his wife, Morse caused a writ of foreign attachment in trespass to be issued out of the Court of Common Pleas of Erie County, Pa. The sheriff of said county attached the automobile and took possession thereof. Gertrude Phillips is in arrears on her mortgage payments and, under the terms of the mortgage, the mortgagee has an immediate right to possession and has asked leave of this court to intervene and for an order directing the sheriff and the Poplar Auto Parts Company, now in possession, to deliver said automobile to the Cleveland Trust Company.

The above situation presents a set of facts governed by Kaufman & Baer v. Monroe Motor Line Transportation, Inc., 124 Pa. Superior Ct. 27, unless affected by section 203(b) of The Vehicle Code of May 1, 1929, P. L. 905, as amended by section 1 of the Act of June 27, 1939, P. L. 1135, which provides that where there are liens or encumbrances upon a motor vehicle, ". . . the certificate of title shall be delivered to the person holding the first lien or encumbrance upon said motor vehicle, . . . and be retained by such person until the entire amount of such first lien or encumbrance is fully paid by the owner of said motor vehicle, . . . The certificate of title, when issued by the secretary showing a lien or encumbrance, shall be adequate notice to the Commonwealth, creditors, and purchasers that a lien against the motor vehicle, . . . exists, and failure to transfer possession of the vehicle, . . . shall not invalidate said lien or encumbrance."

A. L. I. Restatement of Conflict of Laws, para. 280, recites:

"If, after a valid lien or pledge of a chattel, it is

taken into another state, the lienor or pledgor's interest in the chattel will be recognized in the second state."

2 Beale, on Conflict of Laws, sec. 266.3, is to the effect that this is the law in all States except Louisiana and Pennsylvania. It is easy to understand why our State did not observe this rule, because here it is not possible for the owner of a motor vehicle which he has in his possession to create a valid lien which will prevail over subsequent creditors. To apply the doctrine of comity under such circumstances would be to give certain rights to those living outside of the State which are denied our own citizens. In Braham & Co. v. Steinard-Hannon Motor Co. et al., 97 Pa. Superior Ct. 19, the court commented to the effect that the Act of May 24, 1923, P. L. 425, seems to have been adapted from a similar statute of some other State, having different provisions from Pennsylvania as to bailments, conditional sales, and liens and encumbrances on personal property. We believe this same error was committed in the framing of the above-recited provisions of the Act of 1939. Technically, in Pennsylvania no encumbrances may be placed against motor vehicles. We have in operation lease agreements and conditional sales contracts operative with regard to personal property generally, but each of these methods for the transfer of ownership in personal property is governed by separate laws, and the Act of 1939, above recited, in no way attempts to create a law whereby other liens and encumbrances may be secured. If the legislature intends to bring Pennsylvania in line with other States, we believe it should do so directly by enacting provisions whereby motor vehicles may be the subject of mortgage, and providing for adequate recorded notice. This it has not seen fit to do, and we are therefore of the opinion that the law of Pennsylvania remains unchanged, to the effect that chattel mortgages generally are valid as between the parties themselves, but not as against bona fide purchasers from or credi-

tors of the mortgagor: Kaufmann & Baer v. Monroe Motor Line Transportation, Inc., supra.

And now, to wit, February 9, 1942, the rule to show cause on the petition of the Cleveland Trust Company to intervene as a party defendant, and for an order to deliver the automobile levied upon by plaintiff, is discharged.