## In re BERLIN.

### Appeal of BERLIN.

### No. 8650.

Circuit Court of Appeals, Third Circuit.
Argued Jan. 12, 1945.
Decided Feb. 8, 1945.

As Amended March 2, 1945.

Albert H. Friedman, of Philadelphia, Pa., for petitioner.

Harry Fischer, of Philadelphia, Pa. (Illoway & Fischer, of Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH and McALLISTER, Circuit Judges, and GIBSON, District Judge.

GIBSON, District Judge.

When the trustee in bankruptcy of Daniel Berlin took possession of the assets of the bankrupt he received, inter alia, a certain truck upon which one Irving Berlin claimed a lien. His claim was denied by the Referee, and the Referee's order, upon review, was sustained by the District Court. Following that court's action the matter has been submitted to this court for review.

Daniel Berlin was adjudicated a bankrupt on November 12, 1942. On April 2, 1942, he requested a loan of $500 from his brother, Irving Berlin, who agreed to give him that amount if secured. In compliance with the demand for security Daniel Berlin agreed to give a lien upon a Dodge truck in his possession, and Irving Berlin turned over $500 to him. Later Daniel Berlin confessed that he owed the Atlantic Finance Corporation a balance of $240 upon a bailment lease which it had upon the truck. The lien claimant then paid the $240 and obtained from it the certificate of title to the truck, but did not obtain an assignment of the claim of the Atlantic Finance Corporation. He filed the certificate of title to the truck with the Department of Revenue at Harrisburg and obtained a new certificate in the name of Nilreb Products (under which the bankrupt was doing business) which had noted upon it a lien in the claimant's favor in the sum of $700.00.

No physical delivery of the truck was made to Irving Berlin.

After the adjudication of Daniel Berlin as a bankrupt the claimant filed his petition and sought to obtain the possession of the truck. As stated, his claim was denied by the Referee.

The claim is based upon the Pennsylvania Act of June 27, 1939, P.L. 1135, 75 P.S. § 33. This Act in part provides: "The certificate of title, when issued by the secretary showing a lien or encumbrance, shall be adequate notice to the Commonwealth, creditors, and purchasers that a lien against the motor vehicle, trailer, or semi-trailer exists, and failure to transfer possession of the vehicle, trailer, or semi-trailer shall not invalidate said lien or encumbrance * * *."

The Act of 1939, as quoted, was preceded by the Act of June 29, 1937, P.L. 2329, § 1, 75 P.S. § 38, which amended Section 208 of the Motor Vehicle Code, and which, in part, is as follows:

"In the case of the transfer of ownership or possession of a motor vehicle, trailer, or semi-trailer by operation of law, as upon inheritance, devise or bequest, order in bankruptcy, insolvency, replevin, or execution sale. * * * The certificate of title, when issued by the secretary, showing a lien or encumbrance shall be adequate notice to the Commonwealth, creditors, and purchasers that a lien against the motor vehicle, trailer, or semi-trailer exists, and failure to transfer possession of

the vehicle, trailer, or semi-trailer shall not invalidate said lien or encumbrance."

On October 9, 1936, the Superior Court of Pennsylvania, in Kaufmann & Baer v. Monroe Motor Line Transp., 124 Pa.Super. 27, 187 A. 296, held that the Act of 1933 applied only to changes of ownership by operation of law and judicial sale, and did not cover ordinary notations of liens on the certificate of title. Judge Maris, now of this court, when in the District Court, had taken a different view of the scope of the Act, but when the same Act came before him in Taplinger v. Northwestern National Bank, 3 Cir., 101 F.2d 274, he accepted the ruling of the State Appellate Court as authoritative interpretation of the Pennsylvania Statute.

The trial judge called attention to the fact that he was not aided by any decision of a Pennsylvania appellate court interpreting the Act of 1939. Although expressing his well-founded doubt as to his being bound to follow decisions of a state court not having general appellate powers in the interpretation of a State statute, he nevertheless did follow two Common Pleas decisions, one from Washington County and the other from Erie County, each of which held the Act of 1939 to be meaningless in view of the prior law of Pennsylvania with respect to liens without a change of possession. The reasoning in each case was based upon the proposition that the lien created a chattel mortgage, and such mortgages were invalid where no change of possession occurred. The effect of these decisions was a holding that the notice to creditors noted on the certificate of title was insufficient.

In addition to the State court decisions the trial judge considered Ambler National Bank v. Maryland Credit Finance Co., 147 Pa.Super. 496, 24 A.2d 123, and inferred from it that if the facts of the instant case were laid before the Superior Court the decision would follow along the same line as Kaufmann & Baer v. Monroe Motor Line, 124 Pa.Super. 27, 187 A. 296. His inference seems hardly to be justified. In that opinion, and in First National Bank v. Emlenton Motor Co., 153 Pa.Super. 404, 409, 34 A.2d 43, the only mention of the Act of 1939 was to state that it did not apply to the particular case under consideration because the transactions of that case were prior to the approval of the Act. In the opinion of Judge O'Toole, affirmed in Equitable Credit Co. v. Stephany, 155 Pa.Super. 261, 38 A.2d 412, attention was called to the fact that prior to the Act of 1939, the notation of an encumbrance on a certificate of title was without any effect where there had been no change of possession. The decision in the case last cited was to the effect that the lien created by the Act of 1939 was not superior to that of a garage owner who had made repairs upon a car and was holding it to secure payment for the repairs. The lien was not held to be invalid.

We may well approve the attitude of the Pennsylvania Courts in respect to chattel mortgages without notice, but the term "chattel mortgage" should not become a bug-a-boo. The Legislature was dealing with motor cars, concerning which it had previously loosened up some of the former decisions. As was said in Commercial Banking Corporation v. Active Loan Co., 135 Pa.Super. 124, 134, 4 A.2d 616, 621: "We think the pivotal point in these cases is that the cars were not ordinary chattels; they were motor vehicles, the ownership and sale of which are regulated by 'The Vehicle Code' of 1929 and its amendments, 75 P.S. § 1 et seq."

The Legislature protected the title of one who had made a conditional sale of an automobile and left it with one who subsequently became a bankrupt, by prescribing recording of the transaction. We see no reason why it may not protect the lien of a lender by making the recording of the lien upon the certificate of title sufficient notice of it to creditors. Certainly the Legislature intended to do so. In the first section of the Act of 1939, quoted supra, in general terms it was determined that a lien disclosed by the certificate of title was adequate notice to creditors which was not invalidated by failure to transfer possession. In the third section of the Act the same verbiage was used which had been in the Act of 1933, and which had been limited in scope by the Superior Court of Pennsylvania in Kaufmann & Baer v. Monroe Motor Line, 124 Pa.Super. 27, 187 A. 296. By the general language used in the first section of the Act and the repetition in the third section of that which had described the limited lien in the Act of 1933, it is obvious that the Legislature designed a statute which prescribed notation of the lien upon the certificate of title as sufficient

notice to creditors of its existence. Call the lien a "chattel mortgage" or what you will, it was within the jurisdiction of the Legislature and was but an extension of the powers theretofore exercised in the regulation of motor vehicles pursuant to the Vehicle Code of 1929 and its amendments, 75 P.S.Pa. § 1 et seq. .

In addition to the claim which we have heretofore considered, Irving Berlin presented a further claim to the effect that he was entitled to an equitable lien for the amount paid the Atlantic Finance Corporation. The record is not sufficient to sustain this claim.

Being of opinion, as we are, that the Act of June 27, 1939, was a proper exercise of legislative power, and that it validated liens duly noted as such in certificates of title, the judgment of the District Court, sustaining the order of the Referee denying the claim of Irving Berlin, must be reversed and vacated.