## In re MILLER et al.
### No. 23519.

United States District Court
E. D. Pennsylvania.
Oct. 20, 1952.

---

8. Central Vermont Co. v. Durning, supra.

John Justus Bodley, Philadelphia, Pa., for James P. Bohorad, trustee in bankruptcy.

J. Douglas M. Royal, Harrisburg, Pa., Ralph M. Bashore, Bashore & Bashore, Pottsville, Pa., for General Motors Acceptance Corp.

FOLLMER, District Judge.

This matter is before the Court on a certificate for the review of an order of the Referee in Bankruptcy refusing claimant's petition for reclamation of a certain motor vehicle and directing claimant to surrender possession to the Trustee in Bankruptcy of the certificate of title to the same.

The facts are clearly set forth in the opinion of the Referee as follows:

" * * * On October 23, 1950 Sam Shoemaker, of Ashland, Schuylkill County, Pennsylvania, sold a model 1950 Chevrolet one and one-half ton truck with refrigerator body to J. W. Miller, Jack W. Miller and James A. Miller, trading as J. W. Miller and Sons, the present bankrupt, under a Conditional Sales Agreement for the price of $3,144.70. The purchaser made a down payment of $1,050.70 at the time of the sale leaving $2,094.00, which sum together with other charges raised the full balance due under the agreement of $2,539.92. This latter sum was made payable in 24 monthly installments of $105.83 each commencing December 4, 1950. The Conditional Sales Agreement was thereafter assigned by the seller to General Motors Acceptance Corporation, hereinafter referred to as G.M.A.C. The vehicle was titled in the partnership name and a notation of an encumbrance in favor of G.M.A.C. in the amount of $2,539.92 was endorsed on the Certificate of Title. Thereafter, on September 4, 1951, the partnership and its individual partners were adjudged bankrupt. At the time of bankruptcy the subject vehicle was then in possession of the bankrupt. G.M.A.C. did not file its contract or a copy thereof in the Office of the Prothonotary in Schuylkill County until September 25, 1951.

"On October 3, 1951, G.M.A.C. filed its petition to reclaim possession of the vehicle upon the ground that it holds a lien thereon, and setting forth the Conditional Sales Contract and default in the payment due September 8, 1951. The balance alleged to be due under the contract at the time of bankruptcy was $1,587.45 The Trustee is resisting on the ground that the failure of G.M.A.C. to file its Conditional Sales Contract prior to bankruptcy has rendered invalid its claim to an encumbrance. * * *"

In rejecting claimant's petition, the Referee found that the contract in question was in fact a conditional sale and not a bailment lease, and then held:

"Our conclusion is that the mere notation of a lien or encumbrance on the face of the certificate of title to a motor vehicle is not of itself sufficient to establish the existence or legal validity of such alleged lien as against a third party, such as a trustee in bankruptcy. Accordingly, we hold that the failure of

G.M.A.C.[1] to file its Conditional Sales Contract prior to bankruptcy is fatal to its position."

The parties have stipulated that the subject matter of this action was puchased under the terms of a conditional sale; the Referee has found that the transaction was in fact a conditional sale, and I so find.

The question before us may, therefore be tersely stated as follows:

Does the notation of a lien or encumbrance upon a certificate of title to a motor vehicle constitute such notice as to eliminate the necessity for recording a conditional sales contract under which a motor vehicle is purchased?

The Pennsylvania Conditional Sales Act of May 12, 1925, P.L. 603, 69 P.S. § 401, provides as follows:

"Every provision in a conditional sale, reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided."

This proviso refers to the succeeding paragraph of the Act, 69 P.S. § 402, which provides as follows:

"Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them before the contract or a copy thereof shall be filed, as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale:"

The Pennsylvania Vehicle Code of May 1, 1929, P.L. 905, as amended, 75 P.S. § 32, provides as follows:

"(a) Application for a certificate of title shall be made upon a form prescribed and furnished by the department; and shall be accompanied by the fee prescribed in this act; and shall contain a full description of the motor vehicle, trailer, or semi-trailer, the ac- tual or bona fide address and name of the owner, together with a statement of the applicant's title and of any liens or encumbrances upon said motor vehicle, trailer, or semi-trailer, and whether possession is held subject to a chattel mortgage or under a lease, contract of conditional sale, or other like agreement. * * *

"(b) If a motor vehicle, trailer or semi-trailer is used as collateral for a loan after a certificate of title has been issued, the lien thereof may be recorded by making application for a duplicate certificate of title on a form prescribed and furnished by the Secretary of Revenue."

75 P.S. § 33 provides as follows:

"(a) A certificate of title shall contain such description and other evidence of identification of the motor vehicle, trailer, or semi-trailer for which it is issued as the secretary may deem necessary, together with a statement of any liens or encumbrances which the applicant may show to be thereon, together with the name and addresses of the holder or holders of any such liens or encumbrances.

"(b) * * * The outstanding certificate of title, when issued by the secretary showing a lien or encumbrance, *shall be adequate notice to the Commonwealth, creditors, subsequent mortgagees, lienors, encumbrancers and purchasers* that a lien against the motor vehicle, trailer, or semi-trailer exists, and failure to transfer possession of the vehicle, trailer, or semi-trailer shall not invalidate said lien or encumbrance. * * *" (Emphasis supplied.)

Finally, 75 P.S. § 38 provides as follows:

"In the case of the transfer of ownership or possession of a motor vehicle, trailer, or semi-trailer by operation of law, as upon inheritance, devise or bequest, order in bankruptcy, insolvency, replevin, or execution sale, * * *. The certificate of title, when issued by

---

1. General Motors Acceptance Corporation, Claimant.

the secretary, showing a lien or encumbrance *shall be adequate notice to the Commonwealth, creditors, subsequent mortgagees, lienors, encumbrancers and puchasers* that a lien against the motor vehicle, trailer, or semi-trailer exists, and failure to transfer possession of the vehicle, trailer, or semi-trailer shall not invalidate said lien or encumbrance: * * *." (Emphasis supplied.)

In Commercial Banking Corporation v. Active Loan Company of Philadelphia, 135 Pa.Super. 124, 134, 4 A.2d 616, 621, the court said:

"We think the pivotal point in these cases is that the cars were not ordinary chattels; they were motor vehicles, the ownership and sale of which are regulated by 'The Vehicle Code' of 1929 and its amendments".

In In re Berlin, 3 Cir., 1945, 147 F.2d 491, 492, the court, in referring to "The Vehicle Code" above cited, said:

"* * * The Legislature was dealing with motor cars, concerning which it had previously loosened up some of the former decisions. * * *

"The Legislature protected the title of one who had made a conditional sale of an automobile and left it with one who subsequently became a bankrupt, by prescribing recording of the transaction. We see no reason why it may not protect the lien of a lender by making the recording of the lien upon the certificate of title sufficient notice of it to creditors. Certainly the Legislature intended to do so. In the first section of the Act of 1939, quoted supra, in general terms it was determined that a lien disclosed by the certificate of title was adequate notice to creditors which was not invalidated by failure to transfer possession. In the third section of the Act the same verbiage was used which had been in the Act of 1933, and which had been limited in scope by the Superior Court of Pennsylvania in Kaufmann & Baer v. Monroe Motor Line, 124 Pa.Super. 27, 187 A. 296. By the general language used in the first section of the Act and the repetition in the third section of that which had described the limited lien in the Act of 1933, it is obvious that the Legislature designed a statute which prescribed notation of the lien upon the certificate of title as sufficient notice to creditors of its existence. Call the lien a 'chattel mortgage' or what you will, it was within the jurisdiction of the Legislature and was but an extension of the powers theretofore exercised in the regulation of motor vehicles pursuant to the Vehicle Code of 1929 and its amendments, 75 P.S.Pa. § 1 et seq."

The facts in this case, which may be accepted as typical, confirm, in my judgment, the observation of the court in the case of Commercial Banking Corporation v. Active Loan Company of Philadelphia, supra, that we are not here dealing with "ordinary chattels" or such as would of necessity be governed by the provisions of the Conditional Sales Act. The Legislature in The Vehicle Code has seen fit to regulate, as a sort of selected class, the ownership and sale of motor vehicles and as a necessary corollary thereto has provided a method, applicable solely to motor vehicles, of charging the world with notice of liens and encumbrances against the title to the same.

Here Shoemaker, the dealer, sells the motor vehicle to Miller, the bankrupt, and as a part of the sales negotiation the dealer arranges with G.M.A.C. to provide the necessary funds. We then have the dealer making the conditional sale but only with the aid of G.M.A.C., which furnished the money. To hold that in order to charge this Trustee with the requisite statutory notice this lienholder would have to first qualify under the Conditional Sales Act by filing the same, as provided in the Act, in the office of the Prothonotary of the County in which the sale was made and simultaneously therewith cause to be noted on the certificate of title to the motor vehicle this same conditional sale encumbrance would result in a purposeless duplication. There certainly is nothing in The Vehicle Code to indicate that the Legislature had any such thought in mind.

■■ A diligent search of the Pennsylvania cases has failed to disclose any pronouncement by the State appellate courts on this precise situation. It seems clear to me that the Legislature in passing The Vehicle Code meant to deal comprehensively and exclusively with the ownership and sale, and which of a necessity involved the financing, of motor vehicles. It necessarily follows that since the ownership and sale of motor vehicles, including the notice provision by notation of all encumbrances on the certificate of title issued by the Secretary of the Department of Highways, is completely covered by The Vehicle Code of 1929, the recordation provisions of the Conditional Sales Act as affecting motor vehicles is repealed. "* * * if two acts which cover the same subject matter are repugnant in any of their provisions, the latter operates to the extent of the repugnancy as a repeal of the former * *; and it is not necessary that the later act contain a provision expressly repealing the prior act or parts thereof * * * ." Commonwealth v. Gross, 145 Pa.Super. 92, 96, 21 A.2d 238, 240; see also Bradley Election Case, 352 Pa. 63, 69, 42 A.2d 155.

The order of the Referee dated March 26, 1952, must be reversed. An appropriate order may be submitted.