Osgood Co., Appellant, v. Emblem Oil Co. et al.

Argued April 11, 1933.

Before Trexler, P. J., Keller, Cun-
ningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Lyman C. Shreve,* and with him *Milton W. Shreve,*
for appellant.

*Earle MacDonald,* and with him *George J. Biebel,*
for appellees.

Opinion by James, J., October 2, 1933:

Appellees, the Erie Welding Company and the
Emblem Oil Company, on July 5 and 6, 1932 respec-
tively, caused attachments to issue out of the court of
common pleas of Erie County against one Frank J.
Smith, a judgment debtor, and the sheriff executed

the writs by taking a certain steam shovel into his possession. The Osgood Company, appellant, claimed title to the seized property. By agreement filed the parties consented to the entry of a rule to show cause why an issue should not be framed to determine the ownership of the property. The court made the rule absolute, framed an issue between the parties and required the claimant to give bond in double the value of the goods and chattels. Pursuant thereto claimant gave bond in the sum of $4,000 and the cause duly came to be tried before the court without a jury.

The Osgood Company sold the shovel to Frank J. Smith on October 12, 1928, at Marion, Ohio, under a conditional sales agreement which provided for the retention of title in the seller until the performance by the buyer of the conditions therein stipulated. This contract appears to have been filed in Ohio within ten days, claimant's statement averring that this was done "at the time of execution," or about October 13, 1928. Under the provisions of the Uniform Conditional Sales Act it would not be effective against creditors if filed later than October 23, 1928.

Thereafter Smith moved the shovel from Ohio to various counties in this state, and the seller, within ten days notice of the fact, filed a copy of the original contract in each new filing district to which it was removed, in compliance with the requirements of Section 14 of the Conditional Sales Act of May 12, 1925, P. L. 603. The court found as facts that the property was removed to Erie County about May 17, 1932, that notice of its removal was received by the seller on July 11, 1932, and that a copy of the original contract was filed in the proper office of that county on July 14, 1932.

Section 11 of the Conditional Sales Act provides: "The filing of conditional sale contracts provided for in sections five, six and seven shall be valid for a

period of three years only. ...... The validity of the filing may in each case be extended for successive additional periods of one year from the date of refiling by filing in the proper filing district a copy of the original contract within thirty days next preceding the expiration of each period, with a statement attached, signed, by the seller, showing that the contract is in force and the amount remaining to be paid thereon ......''

Section 14 of the act provides: ''When prior to the performance of the condition the goods are removed by the buyer from a filing district in this State to another filing district in this State in which such contract or a copy thereof is not filed, or are removed from another State into a filing district in this State where such contract or copy is not filed, the reservation of the property in the seller shall be void as to the purchasers and creditors described in section five unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods are removed within ten days after the seller has received notice of the filing district to which the goods have been removed. ...... The provisions of section eleven regarding the duration of the validity of the filing, and the necessity for refiling, shall apply to contracts or copies which are filed in a filing district other than where the goods are originally kept for use by the buyer after the sale.''

Under the provisions of the first cited section the validity of the original filing expired in October, 1931, unless at least thirty days prior to that time it was extended by filing in the original or in a new filing district a copy of the contract together with the required seller's statement. Copies of the original contract were successively filed in Indiana County on September 15, 1930; in Mercer County on January 2, 1932; in Crawford County on February 5, 1932; and in Erie

County on July 14, 1932. The filing in Erie County, if otherwise valid, was within proper statutory time to preserve title against creditors; but the filed copy did not have attached to it, nor otherwise show upon its face, that the contract was still in force, or the amount remaining to be paid thereon. Nor does it appear that the period of validity had been extended in that manner in any prior filing district. Appellant contends that the filing of the contract in each new filing district automatically extended the period of validity and that the provisions of Section 11 apply only to a refiling, made after a lapse of three years from the original filing, in the same filing district. We can not so hold. Section 11 plainly specifies the manner of extending the period, and Section 14 provides that the "necessity for refiling, shall apply to contracts or copies which are filed in a filing district other than where the goods are originally kept for use by the buyer after the sale." Obviously, before the expiration of the original period the seller must extend it by attaching the required statement. And this must be done in each new filing district after that period, or the exemplification filed must show upon its face that the period had been properly extended in a former filing district. Otherwise, as here, the seller's title may not prevail against creditors who acquired by attachment or levy a lien upon such goods after the period of validity had expired.

Thus concluded, it is unnecessary to consider appellant's first assignment of error relating to the exclusion of the contract from evidence on the ground that it was improperly proved. We have here treated the matter as if all of its terms were before us.

But the appellant contends in the second assignment of error that the filing of the contract in Erie County in order to retain its title was unnecessary, because the use of the shovel in that county was only

temporary, and therefore within the exception provided in Section 13, that "prior to the performance of the condition, no such buyer shall remove the goods from a filing district in which the contract or copy thereof is filed, except for temporary uses for a period of not more than thirty days. ......" The exception does not apply where the use in another district, whether temporary or otherwise, is for a period of more than thirty days, nor to its use in such district for a shorter period if the removal is not for temporary uses. But the court found as a fact that the shovel was removed to Erie County on May 17, 1932 and was attached in that county on July 5th. Mr. Wiant, the plaintiff's assistant secretary and treasurer, knew that Smith had a contract near Mill Village in Erie County and went there on June 3rd to see him; saw another machine that Smith had on the job; saw Smith and talked with him, and Smith agreed to return the shovel in this suit to the plaintiff for the unpaid installments thereon; and the plaintiff company sent repair parts to Smith in that county during the month of June. Under this testimony the court was fully justified in finding that the property was removed to Erie County for a period longer than thirty days, and therefore not within the exception.

The court below directed that judgment be entered in favor of the defendants in the amounts of their claims together with interest from the several dates of their executions. The fourth assignment complains that this order is irregular and assigns as error the refusal of the court to grant a new trial for that reason. We find that in this there was no abuse of judicial discretion, the limit of our inquiry. Empowered by agreement of the parties to pass upon matters of fact and law, he found a finding in favor of the defendants and his action was, in effect, to enter judgment for the amount of the defendants' respective claims, which

were less than the appraised value of the goods and less than the amount of the claimant's bond. The order was a proper exercise of his jurisdiction under the Sheriff's Interpleader Act of June 22, 1931, P. L. 883, the language of which is similar to the Act of May 26, 1897, P. L. 95. Pennsylvania Knitting Mills v. Bibb Mfg. Co., 12 Pa. Superior Ct. 346; Mann v. Salsberg, 17 Pa. Superior Ct. 280.

The assignments of error are overruled and the judgment is affirmed.