Carroll *v.* Godding, Appellant.

Argued April 11, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Thomas E. Doyle,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY KENWORTHEY, J., July 15, 1944:

In 1937 plaintiff sold a Dodge truck to Walker in Elmira, New York, under a conditional sales contract. In the latter part of November 1937 the truck was brought to Springfield Township, Erie County, where Walker used it in his business until January 26, 1938, when it was attached by one of his creditors who had no knowledge of the contract. Defendant is the purchaser from the attaching creditor.

The record is silent as to whether the agreement was properly recorded in accordance with the requirements of Section 66 of the New York Conditional Sales Act, 40 McKinney's Consolidated Laws of New York, page 263.[1] It is also silent as to whether plaintiff knew of the removal of the truck to Pennsylvania and was therefore bound within ten days after such knowledge to record the agreement in Erie County and, if bound to record it, whether it was in fact recorded there: Act of May 12, 1925, P. L. 603 §§5, 13, 14, 69 PS 402, 431, 432; see *Osgood Co. v. Emblem Oil Co.*, 111 Pa. Superior Ct. 38, 168 A. 515.

The trial judge thought the burden of proving compliance with the filing and recording statutes was on plaintiff and, since he failed to meet the burden, directed a verdict for defendant. The court en banc concluded the burden of proving failure on the part of the vendor to comply with the statutes was on defendant and granted a new trial.

The order will be affirmed.

The question of the burden of proof is procedural and is governed by the law of the forum: 3 Beale, Conflict of Laws, Sec. 595.3; Restatement, Conflict of Laws, Sec. 595. Under our ruling in *Riccardi Motor Car Co.*

---

[1] "Every other conditional sales contract or a copy thereof ...... must be filed ...... in the city or town in which the buyer resides, if he resides within the state at the time of the execution thereof ......"

492

*v. Weinstein,* 98 Pa. Superior Ct. 41, the burden was on defendant. That case involved the same requirement of the New York Conditional Sales Act and of our own Act. We held that a conditional vendor makes out a prima facie case in replevin merely by proving title and a superior right of possession as against the conditional vendee. He need not set up title good against the whole world. See also *Ungar Buick Co. v. Thum,* 104 Pa. Superior Ct. 318, 158 A. 310. As between the parties to the contract recording is of no moment: *Riccardi Motor Car Co. v. Weinstein,* supra. To defeat the conditional vendor's superior title, the burden was on defendant to show that the recording statutes were not complied with. See *Commercial Banking Corp. v. Berkowitz,* 104 Pa. Superior Ct. 523, 159 A. 214.

The order is affirmed.