Equitable Credit Company, Appellant, *v.*
Stephany et al.

262

Argued April 27, 1944.   Before KELLER, P. J., BALD-RIGE, HIRT, KENWORTHEY, RENO and JAMES, JJ. (RHODES, J., absent).

The facts are stated in the opinion by O'TOOLE, J., of the court below, as follows:

This is an action in replevin by Equitable Credit Company, plaintiff, to recover two automobiles which were in possession of Coyne and Evans, defendants.

On October 28, 1940, C. F. Stephany borrowed $215.00 from the plaintiff, a loan company.  The registered title to one of the automobiles involved in this action was at that time in C. F. Stephany and Doris Stephany.  To secure the loan the parties caused the title to be assigned to C. F. Stephany with a notation of an encumbrance to the plaintiff.  At the same time C. F. Stephany signed a bailment lease and a note to the plaintiff.  At the time he signed the bailment lease he was the registered owner of the car.  Plaintiff never had title or possession of it and the entire transaction was on paper.

Beginning in April, 1940, and continuing until some time in October, 1940, the defendants, Coyne and Evans, extended credit to C. F. Stephany for supplies and service to the car until the total debt from Stephany to the defendants amounted to $147.73.  Defendants pleaded and proved an express oral contract with Stephany whereby he, on or about October 21, 1940, pledged the car for the payment of this debt and delivered possession of it to them.  This oral contract was denied by Stephany but a specific finding by the jury decided the question in favor of the defendants and we must consider the pledge contract as established.

Stephany defaulted on the payments to the plaintiff and this writ issued to recover the car in the possession of the defendants, Coyne and Evans.

The material facts relating to the possession and title of the other car involved are similar. On April 9, 1940, a Miss Robb, the owner of the second car, borrowed $185.00 from Equitable Credit Company, the plaintiff. She gave plaintiff her note, transferred title to the plaintiff, signed a bailment lease and took back re-assignment of the title with an encumbrance noted to the plaintiff. She likewise was indebted to Coyne and Evans, the account running back to 1937, and amounting to $256.97. Defendants allege an oral contract with Miss Robb on or about July 26, 1940, whereby she pledged her automobile for the payment of the debt and delivered possession to the defendants. This contract likewise was denied but the jury decided the question in favor of the defendants.

The transactions between Stephany and Equitable Credit Company and Miss Robb and Equitable Credit Company must be stripped of all artificiality and their true nature recognized. Whatever the color intended to be given them the transactions were not sales or bailments; they were loans. And the only relationship created was that of creditor and debtors. *Root v. Republic Acceptance Corp.,* 279 Pa. 55.

"The cases which sustain the right of a creditor to levy on the claimed article as the property of the judgment debtor usually fall into one of the following classes ......

"(5) Where the owner of personal property borrows on it and attempts to secure the loan by executing a bill of sale to the lender, and the latter executes a bailment lease back to the owner, without any change of possession."

*G. M. A. C. v. Hartman,* 114 [Pa.] Superior Ct. 544; *First National Bank v. Emlenton Motor Co.,* 153 [Pa.] Superior Ct. 404.

Thus prior to the Act of June 27, 1939, P. L. 1135, amending the Motor Vehicle Code of 1929, the notation of an encumbrance on the certificate of title was without effect where there had been no change in possession. *Kaufmann & Baer v. Monroe Motor Line,* 124 [Pa.] Superior Ct. 27; *Ambler National Bank v. Maryland Credit Finance Co.,* 147 Pa. [Superior Ct.] 496.

Plaintiffs here insist their possession is made secure by the Act of 1939 above cited, which provides:

"The certificate of title, when issued by the secretary showing a lien or encumbrance, shall be adequate notice to the Commonwealth, creditors, and purchasers that a lien against the motor vehicle, trailer or semi-trailer exists, and failure to transfer possession of the vehicle, trailer or semi-trailer shall not invalidate said lien or encumbrance."

It may have been the intention of the Legislature to protect by this Act those who loan money on automobiles on the security of fictional bailments but the Act fails to do so and while we should construe legislation, if possible, to accomplish the legislative intent, we can not re-write it or add provisions which are not there. The Act provides that the notation on the certificate of title shall be notice to creditors of a 'lien against the motor vehicle.' It does not say that such notation gives notice of or creates any ownership or right of possession in the creditor named. By analogy the proper indexing of a money judgment gives notice to the world that there is a lien or encumbrance on any real estate of the debtor. It does not give any right to possession, nor could it be pleaded as title in an action of ejectment.

We are able to find the Act of 1939 mentioned twice in the opinions of our higher courts. In *Ambler National Bank v. Maryland Credit Finance Co.,* supra, the late Judge STADTFELD said the Act does not apply to the facts of that case because it is not retroactive. He does [not] say what effect it would have if it did apply. In

*First National Bank v. Emlenton Motor Co.,* supra, President Judge KELLER, in discussing the Act of 1939, said, "And, in addition, notice of a lien or encumbrance would not warrant a claim of *ownership,* by the holder of the lien or encumbrance, in a *sheriff's* interpleader."

We believe the same reasoning must be applied where the claim is to possession in an action of replevin.

The plaintiff's motion for judgment n. o. v. will be refused.

Plaintiff appealed.

*Samuel M. Rosenzweig,* for appellant.

*Morris M. Berger,* for appellee.

PER CURIAM, July 15, 1944:

The opinion of Judge O'TOOLE refusing the plaintiff's motion for judgment non obstante veredicto, which appears in the reporter's statement, correctly and satisfactorily disposes of the questions raised by the appellant. The plaintiff in its statement based its right of action on its ownership of the automobiles and its leasing of them on bailment lease to Stephany and Miss Robb, respectively. Judge O'TOOLE'S opinion shows the invalidity of such claim. Reliance was not placed in the statement on any lien or encumbrance held by it. The automobiles were not held by the plaintiff in pledge, for it did not have possession of them. The amending Act of June 27, 1939, P. L. 1135, does not have the effect of converting a lien or encumbrance upon a motor vehicle into ownership of it, or carry with it such right of possession as will sustain an action of replevin against, or give it any priority or preference over a pledge of the car given to, the proprietor of a garage and service shop who, at the request of the owner, furnished service, repairs, gasoline, oil, accessories and storage to and for the motor vehicle and actually holds

it in his possession by virtue of such pledge until he is paid therefor.

Furthermore, the action on its face is not maintainable in this form. A money lender who claims ownership or right of possession of two automobiles belonging to two different persons by reason of separate and distinct loans made by him to each of them, cannot join them both in one action of replevin because both automobiles are held by the same garage owner under separate liens for service, repairs, etc. Stephany had no interest in Miss Robb's automobile and she had no interest whatever in his automobile, and such diverse interests cannot be joined in one action in replevin against them both.

Judgment affirmed.