## Discount & Credit Corporation v. Ortman

*James L. Baxter*, for plaintiff.
*Martin Silvert*, for defendant.

ALESSANDRONI, J., November 21, 1944.—This is a replevin action brought by plaintiff to recover possession of a 1941 De Soto sedan, purchased by defendant from a used-car dealer in Philadelphia. By agreement of the parties, the cause was heard by the court without a jury. Defendant has filed exceptions to the findings of fact and conclusions of law entered by the trial judge, the gravamen of said exceptions being the error charged in the finding for plaintiff in the sum of $860

and the refusal to affirm defendant's point for binding instructions.

## History

On February 18, 1941, one Louis D. Price, who traded as Price Motor Company in Northeast, Md., and was registered in the State of Maryland as a dealer in De Soto and Plymouth automobiles, appeared at the office of plaintiff, a corporation engaged in the business of buying and financing automobiles, with its office on the fourth floor of the DuPont Building, Wilmington, Del. Price, who had been known to the president of the plaintiff corporation for some three years prior to the transaction in question, represented that he wished plaintiff to purchase or finance a certain De Soto automobile, then owned by and in the possession of First State Motors, a factory distributor for such cars, in Wilmington. The dealer's or wholesale price for the vehicle having been ascertained from First State Motors, a document purporting to be a conditional sales contract was drawn up between plaintiff, designated as seller, and "Price Motor Company" as purchaser. Price paid to plaintiff the sum of $144.25 and executed a promissory note in the amount of $861.80, representing the balance of the purchase price of the vehicle and settlement charges thereon, including insurance. Plaintiff then issued to Price its check payable to the order of First State Motors in the sum of $944.25. The same day Price presented the check to First State Motors and received possession of the vehicle and a receipted bill of sale thereof, made out to Price Motor Company.

On February 26, 1941, the "conditional sales contract" was recorded at Northeast, Md. On the very same day the Commissioner of Revenue of the State of North Carolina, upon the application of the said Price and the submission of the bill of sale from First State Motors to him as evidence of the ownership thereof, issued a certificate of title for the vehicle to

"Lewis D. Price, Owner, Price Motor Co. Fayetteville Cumb. Co. N.C."

On May 5, 1941, Price appeared at the office of Motor Finance Company, a dealer in used cars in Philadelphia, represented himself as the owner of the vehicle and, on May 6, 1941, Motor Finance Company purchased the car from him. Thereafter Motor Finance Company caused the title to be registered by the Department of Revenue, Commonwealth of Pennsylvania, in its name and resold the car to defendant.

The efforts heretofore made by plaintiff to locate Price have been unsuccessful. He never made payment to plaintiff of the monthly instalments provided for under the terms of the "conditional sales contract".

The learned trial judge found, inter alia, that Price never paid for the car and never held legal title thereto; that First State Motors, "by inadvertence or connivance" with Price, delivered to him a receipt in full as well as the bill of sale for the automobile; that, as between plaintiff and Price, plaintiff has title and, although defendant be an innocent purchaser for value, since plaintiff had observed all of the requirements relating to conditional sales imposed by the statutes of Maryland, no title was ever passed to Motor Finance Corporation and hence no title passed through it to defendant.

### Discussion

When this matter was previously before the court (44 D. & C. 114) upon an affidavit of defense raising questions of law, we held that, because the conditional sales contract provided that the automobile was to be removed to Maryland, it was necessary for plaintiff to plead compliance with the statutory requirements of that State relating to such transactions. At that time, however, the merits of the litigation were not before us and any determination as to the nature and validity of plaintiff's claim would have been premature. Stretching the conclusions then expressed beyond the matter then before us, it has been determined that,

upon proof of compliance with the statutory requirement of recordation, the property right of the plaintiff in the chattel has been established. The inquiry as to the compliance with the laws of Maryland relating to recordation, however, is but secondary. The primary problem to be resolved, and the one which is begged by looking first to the recordation of the instrument and the effect of such recordation in the extraterritorial sense, is the nature of the transaction out of which the instrument issued and the interest thereby acquired in the chattel by the present plaintiff.

The propriety of such a conclusion is evident from merely reading the Maryland statute dealing with the recordation of conditional sales contracts. That act, appearing in the Annotated Code of Maryland (Flack), vol. 1, p. 743, ch. 71, speaks of "title" and "the transfer of title"; it presupposes that the one purporting to reserve or transfer title is in fact the owner. In a replevin action, however, we cannot assume the existence of plaintiff's title when it is the title itself that is the essence of the litigation.

It is the sine qua non of a valid conditional sale that there be a reservation of title in the seller. Such transactions have sometimes been described as contracts to sell and, as such, are distinguishable from a pledge, chattel mortgage, bailment, or a mere borrowing upon collateral: Glenn, "The Conditional Sale at Common Law and as a Statutory Security," 25 Va. L. Rev. 559 (1939).

The right of plaintiff to possession was denied under the pleadings. Accordingly, the burden then devolved upon the plaintiff to establish a right superior to that of the defendant: Ambler National Bank v. Maryland Credit Finance Co., 147 Pa. Superior Ct. 496 (1942). The learned trial judge has found, and there can be no dispute as to the fact, that defendant was an innocent purchaser for value. The evidence adduced on behalf of plaintiff, however, fails to disclose that it ever had possession of the vehicle or, indeed, ever saw

it. Further, the uncontradicted evidence of Frank M. Walls, an employe of First State Motors, established the fact that plaintiff, not being an associate dealer, could not purchase this vehicle at the wholesale price for which it was admittedly sold.

We have not been referred by counsel either to the law of Maryland, to which State the vehicle was to be removed, or the law of Delaware, where the vehicle was purchased with regard to the title, if any, originally acquired by plaintiff. We may, however, assume that the laws of these States as to the acquisition of title in the first instance are the same as those of Pennsylvania: Oberlin, to use, v. Parry, 287 Pa. 224 (1926). In our State there is no deviation from the fixed principle that there can be no reservation of title in a purported conditional vendor superior to the right of an innocent purchaser for value when the would-be vendor never had possession of the chattel: Root v. Republic Acceptance Corp., 279 Pa. 55 (1924); Ambler National Bank v. Maryland Credit Finance Co., supra; Equitable Credit Co. v. Stephany et al., 155 Pa. Superior Ct. 261 (1944).

The fact that the formal requirements of the recordation statute of Maryland have been complied with does not, in our opinion, suffice to establish the superior right of plaintiff. Assuming that the laws of both Maryland and Delaware differ from ours with regard to the conditions essential for the acquisition of title by plaintiff, that would not be conclusive. See Fuller v. Webster, 95 Atl. 335 (Del., 1915). The status of property is governed by the lex loci rei. While our courts may, as a matter of comity, recognize the property interests in a chattel by reference to the laws of the State of contract or where the property had been previously located, such recognition will not be afforded where the result thereby effected is contrary to the public policy of the State: Commercial Banking Corp. v. Berkowitz et al., 104 Pa. Superior Ct. 523 (1931).

The facts in the present litigation are especially persuasive of the soundness of the principle out of which our law has evolved. Plaintiff's regular business was that of financing the purchase of motor vehicles. It never had possession of this car. Price, the buyer, on the other hand, was an authorized dealer in this kind of vehicle. He signed a conditional sales contract in favor of plaintiff while the car was in the possession and ownership of the factory distributor. Thereupon plaintiff issued its check for the full purchase price in favor of the distributor and delivered the check to Price. A more expeditious way of lending money for the purchase of the car by Price can hardly be imagined. Upon presentation of the check by Price, he received a receipted bill and a bill of sale made out in his name as owner. It is noteworthy as bearing upon the nature of the loan transaction that plaintiff did nothing between February 18th and February 26th when he recorded the so-called conditional sales contract to obtain a receipt or bill of sale in its own name from First State Motors. It must be inferred that it was satisfied with the transaction as it stood. The very day the conditional sales contract was recorded in Maryland, Price presented the bill of sale to the Commissioner of Revenue in North Carolina and received a certificate of title which he presented in Philadelphia when he sold the vehicle to the dealer who, after causing a certificate of title to be issued in its name upon the presentation of the North Carolina certificate, sold the vehicle to defendant. Certainly the conduct of Price was most reprehensible, but there can be no doubt that plaintiff made possible the deception which was thereafter effected.

"However much appellant desired and endeavored to disguise the transaction . . the real transaction, so far as third persons were concerned, was that of a loan by defendant . . .": Root v. Republic Acceptance Corporation, supra, at page 58. See also Oberlin, to use, v. Parry, 287 Pa. 224 (1926).

Even if the asserted title of plaintiff could not be vulnerable for the reasons indicated, plaintiff would still be under disability to recover here because of its failure to record the conditional sales agreement within 10 days after it had knowledge of the removal of the vehicle to this State: Act of May 12, 1925, P. L. 603, secs. 5, 13, 14; 69 PS §§402, 431, 432. While the failure to record the agreement would be of no moment if the replevin action had been brought by the plaintiff against Price, the other party to the agreement: Riccardi Motor Car, Inc., et al. v. Weinstein et al., 98 Pa. Superior Ct. 41 (1929) ; Carroll v. Godding, 155 Superior Ct. 490 (1944).; it is, however, an effective bar against plaintiff in this suit against an innocent purchaser for value: Osgood Company v. Emblem Oil Co. et al., 111 Pa. Superior Ct. 38 (1933).

Plaintiff, seeking to avoid the legal implications of its failure to sell to Price, relies upon the case of Rutherford National Bank v. Safian et al., 48 D. & C. 643 (1943). That case is not adequate authority for plaintiff's contention for two reasons: First, because the claimant therein was the assignee of the conditional vendor, who was a true seller; and, second, the Rutherford case relies upon In re Fell, 15 Fed. Supp. 987, which was reversed in Taplinger v. Northwestern National Bank in Phila., 101 F.(2d) 275 (1938).

Because we are of the opinion that defendant's point to find for defendant should have been affirmed, we have not separately discussed the various exceptions filed by defendant.

### Order

And now, to wit, November 21, 1944, the exceptions to the findings of the court in favor of the Discount & Credit Corporation, plaintiff, against Herman Ortman, defendant, in the sum of $860, with interest from August 8, 1941, are sustained, and judgment is hereby entered in favor of Herman Ortman, defendant.