## Walcott v. Chupsevich et al.

*William A. Bissell* and *R. Carl Griffith*, for plaintiff.

*R. Wallace White*, for defendants.

HOBAN, J., September 5, 1946.—The action is replevin for an automobile. Plaintiff, Walcott, claims title as assignee of seller under a conditional bill of sale. Defendant Gravish claims to be a purchaser for value from Chupsevich without notice of plaintiff's title or right to possession. By agreement of the parties the case was heard before Hoban, J., without a

jury. From the pleadings and the evidence we make the following

## Findings of fact

1. Defendant Chupsevich, a resident of Waterbury, Conn., bought a Ford automobile now in controversy from Fred's Motor Sales, a dealer in Waterbury, Conn., on April 10, 1943, under a conditional bill of sale containing the usual provisions as to the right to repossession upon default in any of the conditions and reserving title in the seller until the instalment payments have been completed.

2. On the same day the conditional bill of sale was assigned by Fred's Motor Sales to plaintiff, Allan P. Walcott.

3. The sale price in the conditional bill of sale was $975 plus $99 finance charges, a total of $1,074. At the time of the sale the buyer paid $335. The balance, $739, was to be paid in 11 monthly payments of $65 each and a final payment of $24, the payments to commence May 10, 1943.

4. Defendant Chupsevich duly registered the automobile with the appropriate authority in the State of Connecticut and obtained an owner's license therefor.

5. On May 13, 1943, defendant Chupsevich sold the automobile to Adeline F. Gravish for one dollar and an oral promise to pay a further sum of $450 when and if the defendant Chupsevich should be discharged from the military service, upon which he was entering at the time of the sale to Gravish. This purported sale took place in the office of Nicholas Longo, justice of the peace in Dunmore, Lackawanna County, Pa.

6. At the time of the purported sale by Chupsevich to Gravish, Chupsevich executed a sworn notation of sale on a form which was part of the 1943 Connecticut motor vehicle registration certificate. This form together with Miss Gravish's application for a Pennsylvania motor vehicle title for the car was present-

ed to the Department of Revenue of Pennsylvania on May 18, 1943.

7. The conditional bill of sale provides:

"Title to the car and extra equipment shall not pass by delivery to the buyer but shall remain vested in and be the property of the seller or assigns until the purchase price has been fully paid."

8. No part of the purchase price except the sum of $335, the initial payment, has been paid to the seller or his assignee, plaintiff herein.

9. The conditional bill of sale provides that upon default in any of the various agreements or payments, or upon removal of the car from the buyer's State of residence, or on buyer's attempt to sell the car, the seller or his assignees may repossess the car.

10. On March 2, 1945, defendant Gravish paid Chupsevich $450, purporting to be payment in full to Chupsevich for the sale of the car to Gravish.

11. Plaintiff Walcott returned from military service in the fall of 1944, found the conditional bill of sale in his office, discovered the default in payments, and immediately instituted search for both the car and defendant Chupsevich.

12. The initial transaction of financing had been handled for Walcott during his absence in the armed forces by an agent of his office.

13. In May, 1945, Walcott received information that the car was in Pennsylvania and, through the Bureau of Motor Vehicles of Pennsylvania, that it was registered in the name of defendant Adeline F. Gravish. Thereupon plaintiff, Walcott, immediately instructed his lawyer to replevy the car.

14. On May 14, 1945, plaintiff Walcott filed his præcipe in replevin, and summons issued to the above captioned number and term. On June 29, 1945, the sheriff of Lackawanna County replevied the car and summoned defendant Gravish. Defendant Gravish

thereupon filed counter-bond to retain possession of the vehicle.

15. On June 29, 1945, the value of the car was $1,035.

16. In the summer of 1945 defendant Chupsevich was arrested and pleaded guilty to a violation of the Connecticut Conditional Sales Act, and was sentenced by the Superior Court of Waterbury, Conn.

17. The conditional bill of sale from Fred's Motor Sales to defendant Chupsevich and the assignment thereof to plaintiff, Walcott, have never been recorded in the office of the prothonotary of Lackawanna County, Pa.

### Discussion

At the trial plaintiff offered in evidence the pertinent provisions of the Connecticut Conditional Sales Act, and also offered a photostatic copy of the conditional bill of sale, together with a certificate from the Town Clerk of Waterbury, Conn., indicating the time and date of recording the conditional bill of sale in that office, together with plaintiff's oral evidence that he examined the records in the office of the town clerk and compared them with the photostatic copy, and that the photostat offered in evidence was an exact copy of the record in the town clerk's office.

The purpose of the offer was to prove compliance with the appropriate provisions of the Connecticut Conditional Sales Act and, as a conclusion therefrom, the validity of the reservation of title in the seller or his assignee.

We were of the opinion at the time that the Connecticut statute was properly offered; but as to the recording of the conditional bill of sale we reserved ruling on the objection of the counsel for defendant Gravish that the record had not been properly exemplified in accordance with the United States laws

governing the exemplification of official records of foreign jurisdictions.

Defendant Gravish rests her case on the following three propositions:

1. The recording of the conditional bill of sale in the town clerk's office of Waterbury, Conn., was not proved by legally competent evidence.

2. The Connecticut statutes should not have been admitted in evidence and judicial notice thereof should not have been taken, because plaintiff failed to give notice of his intention to prove or ask for judicial notice to be taken of the Connecticut statutes, as required by the Uniform Judicial Notice of Foreign Law Act of May 4, 1939, P. L. 42, sec. 4, 28 PS §291.

Defendant argues that if the conditional bill of sale is not recorded, the reservation of title in the seller is ineffective; hence, to prove good title in the seller, the recording must be proved by legally good evidence; but you cannot prove the recording without first proving the law which requires it, on the theory that the validity of the contract must be determined by the law of the State where it was made. Hence, argues defendant, plaintiff's case must fail if the Connecticut law was improperly admitted in evidence, and it certainly must fail if the trial judge rules that the evidence of recording is not legally competent.

We are not convinced that the Connecticut law was improperly admitted as against the provisions of the Uniform Judicial Notice of Foreign Law Act. Paragraph 2 of plaintiff's declaration, as amended, avers the recording of the bill of sale "in accordance with the Connecticut statute on the filing and recording of conditional bills of sale . . ." The affidavit of defense denied knowledge of the facts averred in paragraph 2 and demanded proof thereof.

We think the pleading is sufficient notice of plaintiff's intent to prove conformity with the statute and,

as necessary thereto, the statute itself if required in the course of the trial, and defendant's demand for proof must have contemplated proof of the statute. That the book and page reference to the Connecticut statute is not included, seems no reason to question adequacy of notice.

But even if we were in error on the point, the matter is immaterial. The burden of proving nonconformity with the statutes of Connecticut, and of Pennsylvania, for that matter, is on defendant. Plaintiff makes out a case if he proves his title and right of possession as against the conditional vendee. Plaintiff has done so by showing his title as against the buyer, Chupsevich: Carroll v. Godding, 155 Pa. Superior Ct. 490. The conditional bill of sale was admitted in evidence without objection and clearly establishes plaintiff's title and right to possession as against Chupsevich. If defendant wishes to challenge the title as against a subsequent purchaser, defendant must produce proof of noncompliance with any statute, foreign or otherwise, so far as noncompliance therewith affects the reservation of title. It therefore becomes unnecessary to rule upon the reserved question as to the competency of the proof of the recording of the document of title in Connecticut.

Defendant's third proposition is that the failure to record the conditional bill of sale in Lackawanna County within 10 days after notice of the fact that the vehicle was in Lackawanna County, makes the reservation of the property void as to purchasers without notice of the reservations: Section 14 of the Uniform Conditional Sales Act of May 12, 1925, P. L. 603, 69 PS §432.

It is admitted that plaintiff did not file his conditional bill of sale at any time in Lackawanna County. Numerous cases in Pennsylvania affirm the strict ap-

plication of this provision of the statute. Hence, if defendant Gravish is a purchaser without notice of the reservation of title, plaintiff loses his right to recover possession of the car. While the statute uses the word "purchaser" without qualification, all the cases seem to regard this term as "bona fide purchaser," "innocent purchaser," etc. See cases collected in 69 PS §§402 and 432. Any other construction would open the opportunity to unlimited fraud and chicanery.

But can defendant Gravish be considered a bona fide purchaser? A sale for one dollar down and the balance, an obvious fraction of the worth of the vehicle, payable at an indefinite and uncertain time in the future, should suffice to put any person of ordinary prudence on notice that the title was questionable. The principle is expressed in Bradlee & Co. v. Whitney et al., 108 Pa. 362. We quote from the syllabus:

"While it is true, as a general rule, that where there is no knowledge or notice that the property involved belongs to another, the rights of a purchaser will be protected when he deals with an agent who upon his own assertion is believed to be a principal; yet where the transaction exhibits upon its face what would put an ordinarily prudent person upon inquiry, he will, as against the innocent owner, be affected with notice of that which through proper inquiry he would have ascertained."

The same principle is uniformly recognized in various divisions of the law. See A. L. I. Restatement of Trusts §§296, 297; A. L. I. Restatement of Agency §9; A. L. I. Restatement of Restitution §114, and the Pennsylvania annotations to the above-cited sections.

Under the circumstances, a demand to see the documents of title would have warned the purchaser.

We must conclude that the purchaser in this case if using ordinary prudence would certainly have been put upon inquiry as to the validity of the title of a valuable machine in a time of scarcity, especially in a day and age when the methods of recording and verifying the ownership of automobiles are so well known as to be almost common knowledge.

Therefore we find that defendant Gravish was not a bona fide purchaser in the legal sense. Hence the provisions of section 14 of the Uniform Conditional Sales Act offered her no protection.

Plaintiff is entitled to judgment for the car or its value.

While in an action of replevin the redemption provisions of the Uniform Conditional Sales Act constitute no part of our judgment, it may be pointed out that any retaking of the vehicle by process of law or any execution on the counterbond must be subject to the provisions of the Uniform Conditional Sales Act for the protection of the buyer or the buyer's successor against the oppressive features of the act. See Uniform Conditional Sales Act, supra, sec. 16, 18 and 20, 69 PS §§451, 453 and 455.

### Conclusions of law

1. The burden of proving noncompliance with the pertinent provisions of the law of Connecticut so far as the reservation of title by the seller is affected thereby, is upon defendant.

2. Defendant failed to prove noncompliance with the Connecticut laws as to the recording of conditional bills of sale. Hence the reservation of title as provided by the conditional bill of sale is valid as against all purchasers, unless affected by the operation of some other law.

3. The circumstances of the sale by defendant Chupsevich to defendant Gravish in 1943 are suf-

ficient to cause an ordinarily prudent person to be placed on inquiry as to the validity of Chupsevich's title and right to possession.

4. Defendant Gravish, having been placed on inquiry as to the validity of the title and right to possession in the hands of Chupsevich, is not a purchaser without notice of any defect in her vendor's title, and hence is not entitled to the protection of section 14 of the Uniform Conditional Sales Act as adopted in Pennsylvania because of the failure to record the conditional bill of sale in Lackawanna County, Pa.

5. Plaintiff's measure of damages is the value of the vehicle at the time it was replevied by the sheriff, $1,035, with damages for detention to be fixed at the rate of six percent of the value of the car at that time, to the date of final judgment.

Plaintiff is entitled to judgment for the possession of the vehicle replevied or for the value thereof, $1,035, together with damages at the rate of six percent per annum from the time of replevin, on the value of the vehicle, to the date of final judgment, together with the costs of this action.

### Judgment nisi

The prothonotary is directed to give notice of the filing of this decision to the parties or their attorneys. Exceptions, if any, to be filed within 30 days after service of such notice. If no exceptions are filed the prothonotary is directed to enter judgment in favor of plaintiff, Allan P. Walcott, and against defendant, Adeline F. Gravish, for the automobile described in the writ, or for the value thereof, $1,035, together with damages for detention at the rate of six percent per annum on the sum of $1,035, from June 29, 1945, to the date of final judgment, and for the costs of this action.