## Universal C. I. T. Credit Corporation v. Fitch, Jr.

*William P. Farrell*, for plaintiff.

*Jenkins & Ligi*, for defendant.

EAGEN, J., June 11, 1948.—This is a case stated in an interpleader action.

A tractor sold in New York State under a conditional sales agreement was levied upon by the sheriff of Lackawanna County by virtue of a writ of foreign attachment. The sales contract reserving title in the seller was filed in the purchaser's home county, Yorktown, State of New York. It was not filed in Pennsylvania. At the time of attachment the tractor was temporarily in this county for haulage purposes.

The conditional sales contract is valid as against the attaching creditor and paramount to the attachment secured by the sheriff. The contract was executed in the State of New York, all of the parties thereto are residents thereof and the laws of that State govern in establishing rights thereunder. However, the law of Pennsylvania is identical in this situation.

Under section 13 of the Uniform Conditional Sales Act of May 12, 1925, P. L. 603, 69 PS §361, it was not necessary to file the contract in Pennsylvania, because the removal of the tractor to Pennsylvania was merely for a "temporary use" and further because the seller had no knowledge of this removal: Osgood Co. v. Emblem Oil Co. et al., 111 Pa. Superior Ct. 38; Yellow Mfg. Credit Co. v. Newhard et al., 23 D. & C. 116, and Rutherford National Bank v. Safian et al., 48 D. & C. 643.

To require that the sales contract for every motor vehicle sold on the installment plan be filed in every county where it may be temporarily located would be ridiculous and place great shackles upon trade and transportation.

In Carroll v. Godding, 155 Pa. Superior Ct. 490, it was held to defeat the title of a conditional sales vendor it must be shown that the statute (supra) was not complied with . Such is not the case herein.

Now, therefore, June 11, 1948, judgment is entered in favor of claimant, the Universal C. I. T. Credit Corporation; the attachment is dissolved and the bond of claimant discharged.