## First National Bank of Bloomsburg v. Vargo Motor Company

*Charles B. Pursel* and *Walter A. Criste,* for plaintiff.

*G. Harry Isaacson* and *Blair V. Pawlowski,* for defendant.

GRIFFITH, P. J., November 16, 1966. — This is an action of replevin without bond brought by the holder of a valid security interest to obtain possession of a motor vehicle from an automobile repair shop which has a valid possessory lien for labor, materials and storage in connection with the repairs ordered by the record owner of the vehicle.

The parties agreed that the case should be determined by the court without a jury and that the sole issue is the priority of the interests of the respective parties in the vehicle. The stipulation which was agreed to by the parties reads as follows:

"The plaintiff brought this action to replevy a motor vehicle. The plaintiff has a valid security interest in said vehicle acquired as assignee of a properly executed installment sale contract. In connection with the financing of this vehicle an encumbrance was

noted upon the certificate of title in favor of the plaintiff. Subsequently the record owner of the vehicle defaulted and the plaintiff demanded possession of the vehicle from the defendant. The defendant refused to give up possession of the vehicle because it had a valid possessory lien for labor and materials and storage in connection with repairs ordered by the record owner of the vehicle. The defendant claims its lien or liens have priority over the plaintiff's interest. It is agreed that the repairs were performed in the ordinary course of the defendant's business".

No factual issues are controverted in the pleadings of either party, so that, in addition to the facts contained in the stipulation above quoted, it appears that plaintiff, as a result of advancing certain money to a purchaser, acquired a secured interest in a certain motor vehicle, namely one 1954 Brockway tractor. This contract was executed May 16, 1964, and is called a "sale contract" in plaintiff's complaint, which it is. The vehicle in question was placed with defendant for repairs by an agent and employe of the owner during the year 1964. The repairs, in the amount of $1,303.92, were completed on or about December 4, 1964, and the owner's agent was notified of the amount. In the meantime, no one has paid the repair bill, so that defendant also claims a reasonable monthly storage charge of $20 from May 4, 1965, beginning five months after the repairs were completed.

Plaintiff relies on Stern v. Sica, 66 Pa. Superior Ct. 84 (1917), where the court held that the secured party's prior interest or lien prevailed over that of a repairman for repairs made without the consent of the secured party. The court said that the garageman is not a completely innocent party, since he could have demanded payment before commencing to repair the vehicle. The Stern case is not on the point. In that case, the vehicle was rented to a bailee. On page 89,

the court referred to the party who left the vehicle with the repairman for repairs as a "bailee of a chattel for hire". In the opinion, the court distinguished the situation before it from the case where a chattel mortgage was under consideration and the title was transferred by virtue of the statute to the mortgagee. In this situation, the court said the mortgagor who retained possession and use of the chattel and left it at a repair shop for repairs had a substantial interest in the subject matter itself and in that case the chattel was subject to the lien for the repair, because "Authority to charge the property with a lien in such case might be inferred". Here, the tractor was left with defendant for repair by the representative of the owner and not by a bailee for hire.

Plaintiff also calls our attention to section 203 (b) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §203 (b), which provides that a certificate of title showing a lien or encumbrance shall be adequate notice to subsequent lienors and purchasers that a lien against the motor vehicle exists. However, the notation of an encumbrance on the certificate of title is only a notice that a lien exists. It does not indicate or create any ownership or right of possession in the encumbrancer. In Equitable Credit Company v. Stephany, 155 Pa. Superior Ct. 261, 265, the court said that the provisions allowing notations of encumbrances on certificates of title for motor vehicles does not have the effect of converting an encumbrance into ownership or carry with it such a right of possession as will sustain an action of replevin or give it priority over the claim of a garageman and service shop who, at the request of the owner, made repairs and provided storage and actually holds the vehicle in his possession by virtue of his common-law lien. In Commonwealth v. Lombardo, 356 Pa. 597, 607, the court said, speaking of the notation of an encumbrance on a certificate of

title of a motor vehicle: "a lien so noted does not have any priority over a pledge of the vehicle to a garage proprietor who has furnished service and repairs to the vehicle and holds the vehicle as security for payment".

This rule is in accord with section 9-310 of the Uniform Commercial Code of April 6, 1953, P. L. 3, as last amended by the Act of 1959, P. L. 1023, 12A PS §9-310, which provides as follows:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise".

We are also satisfied that the statutory and decisional law is in accord with the equities. Where the repairs are excessive or unreasonable in amount or substantially change the character of the vehicle, the secured party would have a defense to the excessive portion of the charge. Here, there is no contention that the charges are excessive. If the secured party were to prevail, it would have the diminished value of its security restored at the expense of the repairman who would receive nothing for his labor, materials and storage charges.

We, therefore, enter the following

### DECREE

And now, November 16, 1966, it is hereby ordered and decreed, according to Pennsylvania Rule of Civil Procedure 1085, that defendant has the right to retain possession of the tractor sought to be replevied unless plaintiff within 30 days from the entry of this decree pay to defendant plaintiff's repair bill of $1,303.92

and $20 per month for storage beginning with the fourth day of May, 1965.