# Young v. SEPTA

*George J. O'Neill*, for plaintiff.
*Joshua Wall*, for defendant Woodland Oxygen Co., Inc.

GUARINO, *J.*, January 4, 1980—The matter is before us on preliminary objections to the complaint on the ground of misjoinder of causes of action. A misjoinder of causes of action is vulnerable on preliminary objections. See Pa.R.C.P. 1017(b)(5).

The complaint is subdivided into two counts, each count alleging an action in tort. The first count alleges a cause of action against SEPTA; the second count alleges a separate cause of action in trespass against Woodland Oxygen Company, Inc. (Woodland) and the City of Philadelphia. In the first count, plaintiff claims damages for personal injuries arising out of an accident which occurred on August 18, 1977, when an autobus owned and operated by SEPTA collided with another vehicle. In the second cause of action, the one against Wood-

land and the City, plaintiff asserts that on June 1, 1978, she aggravated those injuries when she fell on premises owned and controlled by defendant Woodland.

Pa.R.C.P. 1044(a) provides that "[t]he plaintiff may state in his complaint two or more causes of action in trespass, triable in the same county, which arise from the same transaction or occurrence or series of transactions or occurrences."

There can be no doubt that the two causes do not arise from the same transaction or occurrence. The two actions occurred at different times, at different places and each occurred not as a result of the other, but independently of the other. Nor can the two claims be considered in the context of a series of occurrences. A claim is not in series with another merely because it occurs after the other claim. If this were so, any person with multiple causes of action in trespass could combine them in one cause of action, however disparate and unconnected they may be. To be in series, the claims must arise out of one another or at least they must be brought about by the same catalytic force. An action is in series with another when the underlying agency is the same or the one action arises out of the other so that they are interrelated.

In contemplation of the rule permitting joinder of causes of action in trespass, the right of joinder is restricted to claims which arise out of the same factual background: 2 Goodrich-Amram 2d §1044(a):2. Here, the factual background of the two causes of action is different. In the first case, the claim arises out of a motor vehicle collision in August of 1977; the other claim arises out of a fall in June, 1978. There is no commonality or connection between the two occurrences, either in fact or law.

The fact of misjoinder of causes of action and

their separateness and independence becomes even more apparent if we hypothetically drop one of the two defendants: automatically the cause of action declared against that defendant would fall. As to that cause of action, the surviving defendant has no legal responsibility. Defendant SEPTA can be responsible only for damages arising out of the accident of August 18, 1977; there is no allegation which would connect defendant Woodland with the August cause of action.

The misjoinder of actions has also resulted in the misjoinder of party defendants. Pa.R.C.P. 2229(b), which governs permissive joinders of party defendants, provides that:

"A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action."

Thus, defendants may be joined in a tort action only if their respective liabilities arise "out of the same transaction, occurrence, or series of transactions or occurrences" and there is a "common question of law or fact affecting their rights to relief of all such parties." This rule does not eliminate the necessity for separate actions when there is no real identity of transactions and no commonality of fact or law which would affect all the parties. A plaintiff may not join two separate independent actions which he has against two different independent parties, as here, merely because in the second cause of action he alleges injuries to the same area of the body that were injured in a prior occurrence.

See Equitable Credit Co. v. Stephany, 155 Pa. Superior Ct. 261, 38 A. 2d 412 (1944). See also, Lawson v. Pittsburgh Post-Gazette, 119 Pitts. L.R. 343 (1971).

We reject plaintiff's contention that since the two causes of action are subject to consolidation on motion, that the present objection should be denied. There is serious question of whether two separate and independent causes of action against different parties, based on different theories of action, which do not involve a common question of fact or law may be consolidated in one trial. See Pa.R.C.P. 213. In any event, that consolidation for trial may be convenient is a lame excuse for misjoining causes of action and party defendants at the pleading stage.

Accordingly, we enter the following

### ORDER

And now, January 4, 1980, it is hereby ordered and decreed that preliminary objections of defendant Woodland Oxygen Company, Inc. are granted and plaintiff's complaint against defendant Woodland Oxygen Company, Inc. is dismissed. Plaintiff shall file a separate action in trespass against defendant, service of which may be made on counsel.